(Decided June 17th, 1896).

## HENRY S. HARDESTER vs. GRAYSON W. SHARRETTS.

*Equity—Constructive Notice by Publication—Unknown Heirs of a Deceased Person—Mistake in Name.*

In order to bind the unknown heirs of a deceased person by construc-tive notice by publication in an equity case, the statute must be strictly complied with.

Code, Art. 12, sec. 112, provides that the unknown heirs of a deceased person, who, if living, would be a proper party to an equity case, may be warned to appear by a published notice, and that the decree in the case shall have full effect against those described as the heirs of a particular person. In a case where some of the defendants were the unknown heirs of the children of *Benjamin H.*, the order of pub-lication warned the unknown heirs of the children of *Abraham H.* to appear. *Held*, that the notice was fatally defective.

Appeal from a decree of Circuit Court No. 2, of Balti-more City (WICKES, J.), dismissing the bill of complaint in this case. Benjamin Hardester, in 1818, conveyed certain land to trustees for use as a burying-ground. He died in 1842, intestate as to this property, leaving surviving him eight children and heirs at law, of whom Abraham Hardes-

ter was one.   Abraham died before 1890, leaving as his only child and heir at law, the plaintiff, Henry S. Hardester.   In 1891 a bill for the sale of the above-mentioned property was filed by Elizabeth A. Merryman, a grandchild of Benjamin Hardester, against Henrietta A. E. Walker and others. Under a decree the land was sold to the defendant.   Henry S. Hardester was not a party to that cause, but an order of publication was made therein as follows :

" The object of the bill is to obtain a sale, for partition, of certain real estate in Baltimore City.   The bill states that Benjamin Hardester is deceased, leaving a last will, recorded in the office of the Register of Wills for Baltimore City, whereby he devised his tract of land situated in Baltimore County, on the Liberty road, comprising about nine acres of ground, to his daughter, Rebecca Fowble, for life, remainder to her children, reserving thereout, however, a graveyard thereon, with the lot adjoining thereto, which gave an entrance to the same from the lane, which he stated was to be reserved for a burying-ground for his family ; that, by a deed previously executed, he conveyed a certain lot of ground, which was the lot reserved as aforesaid, to certain trustees for the purpose of establishing a burying-ground, and charged upon his farm aforesaid an annuity to keep said burying-ground in repair ; that the said *Abraham* Hardester left the following children : Mary Rickey, Elizabeth Keys, Rebecca Fowble, Maria Downey, Jacob Grafflin Hardester, Amelia Roach, who is the grandmother of Elizabeth A. Merryman, and also of Henrietta A. E. Walker, Abraham Hardester and Louisa Fowler ; that all of said children are deceased, and the said Elizabeth A. Merryman does not know what heirs at law they left other than her sister, the said Henrietta A. E. Walker."

(Then follow allegations as to the condition of said graveyard, it being no longer suitable as a burying-ground ; that all the trustees are dead ; that the ground is not susceptible of partition, &c., &c.   Finally comes the order of the Court):

" It is therefore, this 22d day of October, 1891, ordered

by the Circuit Court No. 2, of Baltimore. City, that the plaintiff, by causing a copy of this order to be published in some daily newspaper published in the city of Baltimore once in each of four successive weeks before the 23d day of November, 1891, give notice to the said Henrietta A. E. Walker *and the unknown heirs of the aforementioned children* of Abraham Hardester, of the object and substance of this bill, warning them to appear in this Court in person or by solicitor, on or before the 10th day of December, 1891, and h ow cause, if any they have, why a decree should not be passed as prayed."

The bill in the present case was filed by Henry S. Hardester, the appellant, for the sale, for purposes of partition, of said land in Baltimore City, whereof he claimed to be a tenant in common with appellee. The claim set up was that the appellant inherited through his father, Abraham Hardester, an undivided one-eighth interest in the lot of ground which had been granted and conveyed unto trustees by his grandfather, Benjamin Hardester, for purposes of a burial ground, and that said interest had not been disposed of at the sale made under the decree passed by the said Court, in the cause of *Merryman* v. *Walker*, where the appellee had become the purchaser.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, PAGE and RUSSUM, JJ.

*Thomas S. Hodson*, for the appellant, cited *Williamson* v. *Berry*, 8 How. 495 ; *Webster* v. *Reid*, 11 How. 437 ; *Gaspin* v. *Page*, 18 Wall. 350 ; *Earle* v. *McVeigh*, 91 U. S. 503 ; *Settlemier* v. *Sullivan*, 97 U. S. 444 ; *Guarantee Co.* v. *R. R. Co.*, 139 U. S. 137 ; *Bank* v. *Copeland*, 18 Md. 305 ; *Johnson* v. *Robertson*, 31 Md. 476 ; *Dorsey* v. *Gary*, 30 Md. 497 ; *McKim* v. *Mason*, 3 Md. Ch. 211.

*Thos. Ireland Elliott*, for the appellee, cited *White* v. *McClellan*, 62 Md. 350 ; *Dorsey* v. *Dorsey*, 30 Md. 534 ; *Dor-*

*sey* v. *Thompson*, 37 Md. 43 ; *Case* v. *Bartholow*, 21 Kansas, 307 ; *Vanfleet's Collat. Attack*, secs. 361–367.

FOWLER, J., delivered the opinion of the Court.

The question which was intended to be presented by this appeal and the only one which was argued by counsel is whether the order of publication passed the twenty-second of October, 1891, in a certain cause in which E. A. Merryman was plaintiff and Henrietta A. E. Walker and others were defendants, so far complied with the provisions of the Code, Art. 16, section 112, as to bind the plaintiff. The bill in the case just mentioned was filed for the purpose of obtaining a decree for the sale of the interests of the unknown heirs of the children of a certain Benjamin Hardester, and it was attempted to bind them by an order of publication as provided by said section one hundred and twelve. The bill in this case was filed by the plaintiff upon the theory that the decree in the first named case is absolutely void as to him, and that consequently his interest, being one undivided eighth in the land sold thereunder to the defendant, did not pass thereby. The defendant on the other hand claims to have purchased the land in question free from any outstanding interest in the plaintiff or anybody else, and in his answer to the bill he sets up and relies upon the order of publication. The answer was treated as a demurrer, and appears to have been considered below as raising the question of the sufficiency of the order of publication to bind the defendant. Although the question is presented in an irregular manner, yet, inasmuch as counsel expressed a willingness to waive all irregularities in the mode of its presentation in order to have it decided, we will briefly state our reasons for the view we entertain.

To show that the order of publication does not comply with the statute, it seems only necessary to point out the one defect which is most glaring. As we have said the bill was filed against the unknown heirs of the children of Benjamin Hardester, deceased, and, of course, the purpose of

the order of publication was to give notice of the suit *to them*, and to warn *them* to appear and defend. . But instead of doing this, the children of *Abraham* Hardester were notified and warned to appear. It is true, perhaps, as suggested, that this erroneous use of names was an inadvertence of the draughtsman of the order, but whether this be so or not, the result was the same. The order became impossible of execution, for Henry S. Hardester, the plaintiff, the only child of Abraham Hardester, being himself alive, could have no heirs in the legal sense in which that word was used in the order. But we do not think it necessary to further point out the difficulties which could or might arise from the admitted error, and we are quite willing to concede that, perhaps, by careful reading and study the true intent and meaning of the order in question might have been ascertained. But to secure the benefit of the provisions of the Code, authorizing constructive notice in cases like this, there must be a strict compliance with their requirements. In the case of *Galpin* v. *Page*, 18 Wall. 350, it is said, that when a State substitutes constructive service of process against a non-resident in the place of personal citation, every principle of justice exacts a strict compliance with the statutory provisions. This Court has used language equally as explicit upon the same subject. "Strict compliance with the statute is demanded." *Dorsey* v. *Dorsey*, 30 Md. 534. The case just cited was relied on by the appellee to support the proposition that the publication of the order having been shown, as full notice to the defendant would be implied as though he had received actual and personal citation. Such was held to be the effect of the orders of publication in *Dorsey* v. *Dorsey*, *supra*, and *Dorsey* v. *Thompson*, 37 Md. 43. But especial care was taken in the former case to say that such was the effect of the order only upon "a strict compliance with the requisites of the statutes," and in the latter case that the presumption of notice followed the *due publication* of the orders. The case of *White* v. *McClellan*, 62 Md. 347, has no application

here.   The statute there construed was the Act of 1836, ch. 249, relating to mortgages in Baltimore City, and the alleged defect consisted in omitting the middle name of the plaintiff from the notice of sale.   Without adverting to other distinctions, it is sufficient to say that there was no mistake, as here, in the designation or description of the person sought to be bound.   The plaintiff in this case is a resident of this State, but justice requires that residents as well as non-residents must have a right to demand a strict compliance with the statutory requirements.

*Order reversed.*

(Decided June 18th, 1896.)