## AUGUSTUS G. MOORE v. AARON CARLSON and Others.[1]

November 25, 1910.

Nos. 16,819—(80).

**Foreclosure of mortgage notice — name of assignees.**

    In a notice of a foreclosure of a mortgage by advertisement, the name of each assignee must be specified.

Action in the district court for Hennepin county to determine adverse claims to certain real estate. Defendant Aaron Carlson answered, asserting title through foreclosure of mortgage by advertisement and failure of mortgagor to redeem. The reply alleged that at the time of the attempted foreclosure the mortgage had been twice assigned, once from Aaron Carlson to Cliff W. Cress and again from Cliff W. Cress to Aaron Carlson; that before the attempted foreclosure both assignments were recorded in the office of the register of deeds of Hennepin county and alleged that in the notice of foreclosure the name of neither assignee was specified, as required by statute, and demanded that the foreclosure be declared null and void. From an order, Holt, J., sustaining defendant's demurrer to the reply, plaintiff appealed. Reversed.

  *Herbert E. Day,* for appellant.

  *A. B. Darelius,* for respondent.

JAGGARD, J.

Plaintiff and appellant brought this action to determine adverse claims. Defendant and respondent Carlson asserted title through a

[1] Reported in 128 N. W. 578.

112 M.—28.

foreclosure by advertisement, inasmuch as plaintiff had failed to redeem from the foreclosure sale within the year. Plaintiff replied, and alleged that the mortgage given by him to defendant Carlson was assigned to one Cress, who reassigned it to defendant Carlson, and that both assignments were recorded, but were not mentioned nor referred to in the notice of sale to foreclose said mortgage. Defendant Carlson demurred to the reply. The court sustained the demurrer. This appeal was taken from that order.

The controversy turns upon this part of section 4460, R. L. 1905: "Each notice shall specify: (1) The name of the morgtagor and of the mortgagee and of the assignee of the mortgage, if any. * * *" The respondent insists that the purpose of the statute is to "satisfactorily establish and show the right of the party who is proceeding under it to invoke its aid. Backus v. Burke, 48 Minn. 260–269," 51 N. W. 284, 286. It would have served no useful purpose to have inserted in the notice the name of the assignee to whom the mortgagee transferred the mortgage and by whom that mortgage was in turn assigned to the mortgagee himself.

This view of the construction of the statute we are not able to accept. Foreclosure by advertisement is purely a statutory creation. One who avails himself of its provisions must show an exact and literal compliance with its terms; otherwise he is bound to profess without authority of law. If what he does failed to comply with the requirements of the statute, it is void. While the same strictness as in adverse tax proceedings is not required, the analogy is suggestive. It is elementary that the construction must be favorable to persons seeking to redeem.

It is true that the language uses the word "assignee" in the singular number; but it is equally true that such a term may be construed to mean more than one person. Section 5513, subd. 2, R. L. 1905. See Selborne, J., in Conelly v. Steer, 7 Q. B. D. 520. To name the various assignees is not without value to the mortgagor. He is entitled to know the history of the transaction, and to consider in connection with his action the various assignments which affect the title of the person seeking to foreclose by advertisement. It follows that the demurrer should have been overruled.

In the syllabus to Hathorn v. Butler, 73 Minn. 15, 75 N. W. 743, it was said: "In the notice the name of each assignee shall be specified." That syllabus was written by the court, and received the sanction of the court. Irrespective of whether it was made necessary by the opinion, we regard it as sound law.

Reversed.

BROWN, J. (dissenting).

I dissent. Carlson was the mortgagee. He assigned the mortgage to Cress, and Cress reassigned to Carlson. Carlson foreclosed as mortgagee, without referring to the assignments in the notice of foreclosure. In my opinion, a reference to the assignments in the notice of foreclosure would serve no useful purpose whatever, and was therefore unnecessary. No claim is made that the mortgagor had any equities against the assignee Cress.