### PETERSON v. JACOBS.

1. COURTS—PRECEDENTS FROM OTHER STATES.
   Decisions of a sister State are very helpful but the Supreme Court of this State is not bound by them.

2. EVIDENCE—JUDICIAL NOTICE—PURPOSE OF RECONSTRUCTION FINANCE CORPORATION.
   The Supreme Court takes judicial notice that one of the main purposes of the reconstruction finance corporation was to loan money to distressed banks on collateral furnished by them (15 USCA, chap. 14).

3. MORTGAGES—FORECLOSURE—STATUTES—SUBSTANTIAL COMPLIANCE.
   Statutory foreclosure of mortgages are matters of contract, authorized by the mortgagor, and ought not to be hampered by an unreasonable construction of the law even though a strict one; hence compliance with such statutes need not include something not substantial (3 Comp. Laws 1929, § 14428).

4. SAME—FORECLOSURE BY ADVERTISEMENT—NOTICE OF ASSIGN-
MENT AND REASSIGNMENT.

> Fact that bank mortgagee's assignment of the mortgage to the
> reconstruction finance corporation and its reassignment to
> defendants, trustees for the former unsecured creditors of
> the bank, were not included in the notice of foreclosure sale
> did not constitute such a substantial irregularity as to vitiate
> the sale (3 Comp. Laws 1929, § 14428).

5. APPEAL AND ERROR—EQUITY CASES REVIEWED DE NOVO.

> The Supreme Court tries equity cases *de novo*.

6. SAME—QUESTIONS REVIEWABLE—OFFER TO DO EQUITY—MORTGAGE
FORECLOSURE—USURY.

> In suit by grantee of mortgagor to set aside statutory fore-
> closure proceedings because of defective notice of foreclosure
> sale, brought over 21 months after the sale, whether or not
> testimony was sufficient to show usury notwithstanding trial
> judge's finding it was insufficient, and whether a grantee can
> claim usury, is not discussed where regularity of foreclosure
> proceedings is upheld and plaintiff failed to offer to do equity
> until after submission of case to Supreme Court.

7. SAME—QUESTIONS REVIEWABLE—BELATED OFFER TO DO EQUITY.

> Motion, made after submission of case to Supreme Court, asking
> leave to amend answer so as to offer to do equity in suit to
> set aside statutory mortgage foreclosure proceedings is not
> discussed.

Appeal from Calhoun; Hatch (Blaine W.), J.
Submitted October 14, 1942. (Docket No. 91, Cal-
endar No. 42,064.) Decided November 24, 1942.

Bill by May Peterson against Henry F. Jacobs,
John T. Winship, and Richard A. Donovan, trustees
for the benefit of former unsecured creditors of Old-
Merchants National Bank & Trust Company of Bat-
tle Creek, to set aside a foreclosure and sale there-
under and for other relief. Bill dismissed. Plain-
tiff appeals. Affirmed.

*N. A. Cobb* and *Roger H. Nielsen,* for plaintiff.

*Cyrus J. Goodrich,* for defendants.

BUTZEL, J. Roy X. Tuttle and Olive M. Tuttle, his wife, and Edwin V. Tuttle and Louise B. Tuttle, his wife, on July 7, 1924, gave a mortgage to the Merchants Savings Bank of Battle Creek, Michigan, on a house and lot in Battle Creek, to secure the repayment of a sum of $2,100 three years after date of the mortgage. It provided for interest at the rate of 7 per cent. per annum, with serial payments on principal on interest dates. Interest payments of $73.50 were regularly made up to and including January 7, 1933. No payments have been made since then. On September 28, 1927, the name of the mortgagee was changed to the Merchants Trust & Savings Bank of Battle Creek. On August 31, 1929, the bank was consolidated with the Old National Bank & Trust Company of Battle Creek, a national banking corporation, which changed its name to Old-Merchants National Bank & Trust Company of Battle Creek. On September 27, 1934, the mortgage was assigned by the latter to Henry F. Jacobs, *et al.*, trustees for the former unsecured creditors of the Old-Merchants National Bank & Trust Company of Battle Creek, the defendants herein. They, as assignees of the mortgage, began foreclosure proceedings by advertisement. The notice of foreclosure sale did not contain any mention of an assignment of the mortgage from the Old-Merchants National Bank & Trust Company to the Reconstruction Finance Corporation, hereafter called the R. F. C., and the reassignment from the R. F. C. to Henry F. Jacobs, *et al.*, trustees, the defendants herein. All the other assignments, change of name, et cetera, were duly set forth. The failure to mention the assignment to the R. F. C. and reassignment to the trustees is the only irregularity claimed by plaintiff in the foreclosure proceedings. Defendants purchased the property at the foreclos-

ure sale on August 3, 1935, for the sum of $2,100, the amount of the mortgage, and took possession a year later. In order to conserve the property they paid out for repairs, insurance, taxes, plumbing, water bills, new furnace, a total of $1,145.48. They have collected $705 in rentals. On August 11, 1936, after the equity of redemption had expired, assuming the foreclosure to proceedings to be regular, Roy X. Tuttle and Olive M. Tuttle, his wife, gave a quitclaim deed of the property to May Peterson, Chicago, Illinois, the plaintiff herein. She waited until May 10, 1937, almost nine months, before filing the bill of complaint in the instant case.

She charges that the foreclosure proceedings were fatally defective because the assignment of the mortgage to the R. F. C. and its reassignment to defendants was not set forth in the notice of sale. She further claims that the mortgage was usurious from its inception because the original mortgagee exacted payment of mortgage tax, attorneys' fees, et cetera, claimed to amount to $30, in addition to 7 per cent. interest. *Mathews* v. *Tripp*, 285 Mich. 705. For these reasons she asserts that she is entitled to possession of the property and the sum of $250 as a reasonable rental value of the premises from and after August 3, 1936. If the loan were usurious, as claimed, and the foreclosure proceedings were null and void, the amount of the original mortgage would be reduced $30, or thereabouts,· at its inception. Plaintiff, asserting usury, claims that the mortgage principal should be further reduced by the amount of $1,249.50, the sum total of all interest paid by the original mortgagors; and also that there was no obligation to pay interest after January 7, 1933, a period of almost nine years, because interest on a usurious loan is forfeited; that the costs of the repairs to the old house and putting in a new furnace,

et cetera, were all paid by defendants as volunteers, strangers to the title, and such amounts would not be recoverable. On the other hand, at the time of the hearing she had not offered to pay for the taxes, the cost of insurance, repairs, et cetera, all paid by defendants. She does not even offer to pay the legal rate of interest, although she filed the bill and defendants filed no cross bill. See *Hogan* v. *Hester Investment Co.,* 257 Mich. 627. The trial judge held against plaintiff for other reasons. He evidently deemed it important to have it judicially determined whether it was a fatal irregularity in the notice of foreclosure to omit any mention of the assignment of the mortgage to the R. F. C. and the reassignment to defendants. He held that such omission was not fatal. We agree with him.

The question has never been decided in this State. In *Fox* v. *Jacobs,* 289 Mich. 619, we found it necessary to pass on the question, and stated that "at the most" the omission made the foreclosure voidable but not void. We decided the case on the ground of the failure of plaintiff to offer to do equity and also because of laches. In the case, plaintiffs waited 20 months after the foreclosure sale; in the instant case, over 21 months. Appellants claim that the case differs from *Fox* v. *Jacobs, supra,* because in the instant case the property was purchased by the assignees of the mortgage and not by third parties.

The statute (3 Comp. Laws 1929, § 14428 [Stat. Ann. § 27.1224]) relating to foreclosure by advertisement provides:

"Every such notice shall specify,

"1. The names of the mortgagor and of the mortgagee, and the assignee of the mortgage if any;" also, the date of the mortgage, when recorded, the amount claimed to be due and description of the premises.

Plaintiff claims that the words "the assignee of the mortgage if any," in the statute make it mandatory to include every assignee of the mortgage, irrespective of whether there was a complete and duly-recorded reassignment by such assignee, or not. To fortify her position, she refers to two Minnesota decisions. The statute regulating foreclosure by advertisement in Minnesota in many respects is similar to that of Michigan.* It has been held in Minnesota that failure to mention each and every assignee whether still retaining any interest in the mortgage or not, is a fatal defect. *Moore* v. *Carlson,* 112 Minn. 433 (128 N. W. 578); *Hathorn* v. *Butler,* 73 Minn. 15 (75 N. W. 743).

Appellant also calls attention to the case of *Weir* v. *Birdsall,* 27 App. Div. 404 (50 N. Y. Supp. 275), but in that case the assignee not mentioned in the foreclosure advertisement held the mortgage as collateral and, therefore, it was held that failure to mention such assignee vitiated the proceedings. On the other hand, in *White* v. *McClellan,* 62 Md. 347, it was held that, although the Maryland statute provided that the notice of foreclosure should specify the names of the mortgagor, the mortgagee and the last assignee of the mortgage, if any, the failure to name the last assignee who had reassigned to the original mortgagee did not constitute an irregularity.

In *Feldman* v. *Equitable Trust Co.,* 278 Mich. 619, attention was called to the similarity between the Michigan and Minnesota foreclosure statutes and Minnesota decisions were cited as authority but on a different question than now under consideration. Decisions of a sister State are very helpful but we are not bound by them. In *Lau* v. *Scribner,* 197 Mich. 414, we distinctly refused to follow a Minne-

---

* See Minn. Stat. 1941, § 580.01 *et seq.*—REPORTER.

sota decision. The law demands the name of the assignee, but is one an assignee when he reassigned the mortgage to the parties in interest and has no interest in the subject matter? The law does not include a former assignee. While the purpose of the assignment to the R. F. C. is not set forth, we take judicial notice that one of the main purposes of the R. F. C. was to loan money to distressed banks on collateral furnished by them. The R. F. C. was not in the business of purchasing mortgage loans. See 15 USCA, chap. 14. In the notice of mortgage foreclosure sale, the mortgage was assigned to R. F. C. and some eight months later reassigned to defendants. It would have been perfectly useless and serve no good purpose to mention the assignment and reassignment unless such legal formalism is mandatory.

In *Lee* v. *Clary,* 38 Mich. 223, we held statutory foreclosures are matters of contract, authorized by the mortgagor, and ought not to be hampered by an unreasonable construction of the law. This has always been the theory of the law of Michigan and in this respect it differs from that of some other States. Statutory requirements must be complied with but such compliance only need be substantial. *Miller* v. *Clark,* 56 Mich. 337. Such compliance means a strict compliance but does not include something not substantial. In *Oades* v. *Standard Savings & Loan Assn.,* 257 Mich. 469, we again held that slight and inconsequential irregularities in a foreclosure would not vitiate the sale but that it was a fatal irregularity to fail to mention the wife of the mortgagor as she had an inchoate right of dower and was one of the mortgagors who had given the power of sale in the mortgage. We are of the opinion that the mortgage sale was regular and the failure to mention the assignment to R. F. C. and reassignment

to defendants was not such a substantial irregularity so as to vitiate the sale.

The trial judge, who heard the case and reviewed the testimony, held that plaintiff did not sustain the burden of proving usury. It is true that we try equity cases *de novo*. The only testimony in regard to the usury was that taken by deposition, and the judge did not have the advantage of seeing the witness. While a careful review of the testimony, including the deposition, may cast some doubt as to whether there was not a sufficient showing of usury, in view of our upholding the regularity of the foreclosure proceedings, it becomes unnecessary to discuss whether the judge was correct in finding insufficient testimony to prove usury or the question propounded by this court as to whether plaintiff, a grantee, can claim usury. See *Turner* v. *Peoples State Bank,* 299 Mich. 438, and cases therein cited. We need not discuss appellant's motion, made after the submission of the case to this court, asking leave to amend her answer so as to offer to do equity.

The decree of the lower court is affirmed, with costs to appellee.

CHANDLER, C. J., and BOYLES, NORTH, STARR, WIEST, BUSHNELL, and SHARPE, JJ., concurred.