758 F.2d 654
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LAFONZA E. WASHINGTON, PLAINTIFF-APPELLANT,
v.
THE LOMAS & NETTLETON COMPANY, DEFENDANT-APPELLEE.
 NO. 84-1715
 United States Court of Appeals, Sixth Circuit.
 2/13/85
 
 ORDER
 BEFORE: MARTIN and JONES, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the plaintiff's brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff, a Michigan state resident, moves the Court to grant him permission to proceed in forma pauperis in his appeal from the district court's order dismissing his civil action. Plaintiff instituted this action on May 6, 1982. Essentially, plaintiff is challenging defendant's foreclosure of his mortgage. Specifically, he alleges that 1) defendant illegally raised his monthly mortgage payment and 2) the Michigan statutory foreclosure procedures were not adhered to. Plaintiff alleges jurisdiction under 42 U.S.C. Sec. 1983, 28 U.S.C. Sec. 1331 and 28 U.S.C. Sec. 1332.
 
 
 3
 Defendant moved to dismiss for lack of jurisdiction. By order dated July 2, 1982, the district court dismissed the claims arising under 42 U.S.C. Sec. 1983 and 28 U.S.C. Sec. 1331 and directed the defendant to respond to the alleged diversity jurisdiction. Defendant again moved to dismiss and plaintiff responded. The district court then dismissed the complaint holding that injunctive relief was barred by 28 U.S.C. Sec. 2283 and that plaintiff's claims were barred by res judicata.
 
 
 4
 Upon consideration, this Court concludes that the district court appropriately dismissed plaintiff's Sec. 1983 claims. There are two necessary elements for a Sec. 1983 action: 1) the defendant was acting under color of state law, and 2) the plaintiff was deprived of constitutional rights. See Sanderson v. Village of Greenhills, 726 F.2d 284, 286 (6th Cir. 1984). Acting under color of state law has been interpreted to mean 'misuse of power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' United States v. Classic, 313 U.S. 299 (1941); Monroe v. Pape, 365 U.S. 167 (1961), overruled in part, Monnell v. New York City Department of Social Services, 436 U.S. 658 (1978). In this case, there is no showing of state action. Northtrip v. Federal Nat. Mtg. Ass'n., 527 F.2d 23 (6th Cir. 1975); Barrera v. Security Building & Investment Corporation, 519 F.2d 1166 (5th Cir. 1975).
 
 
 5
 Moreover, the district court correctly concluded that plaintiff's claim that his mortgage payments were illegally raised was barred by res judicata. 'Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.' Montana v. United States, 440 U.S. 147, 153 (1979). Here, plaintiff's suit, in state court alleging that his mortgage payments were unlawfully raised, was dismissed on the merits. Thus, he is barred from raising that claim in this action.
 
 
 6
 This Court further concludes that the district court properly dismissed plaintiff's claim with regard to the foreclosure procedures, and we affirm, although on grounds different from those relied on by the district court. Brown v. Allen, 334 U.S. 443, 459 (1953); Whitman v. American Fin. Enterprises, 725 F.2d 394 (6th Cir. 1984). Plaintiff failed to allege sufficient facts to support a claim that the foreclosure procedures were defective. Peterson v. Jacobs, 303 Mich. 329, 6 N.W.2d 533 (1943) (substantial compliance with mortgage foreclosure statute sufficient).
 
 
 7
 Accordingly, it is ORDERED that the district court's order be, and is hereby, affirmed. Rule 9(d)(3), Rules of the Sixth Circuit. It is further ORDERED that the motion to proceed in forma pauperis be, and hereby is, granted.