NATIONAL AIRPORT CORPORATION v WAYNE BANK

1. CONSTITUTIONAL LAW—DUE PROCESS—STATE ACTION.

   State action is required in order to assert a denial of due process under both the United States and Michigan Constitutions (US Const, Am XIV; Const 1963, art 1, §§ 2, 17).

2. CONSTITUTIONAL LAW—DUE PROCESS—STATE ACTION—CLAIMS—ENFORCEMENT.

   A creditor's utilization of process issued by the state to enforce his claim against a defaulting debtor is such state action as will warrant due process application.

3. MORTGAGES—CONSTITUTIONAL LAW—DUE PROCESS—FORECLOSURE BY ADVERTISEMENT—STATUTES.

   A mortgage foreclosure by advertisement is a procedure which is not in violation of due process requirements because enforcement does not require state action or the use of judicial process; by statute, foreclosure by advertisement must be included in the mortgage agreement thus creating contractual consent to the employment of a remedy entered into privately by the mortgagee and mortgagor (MCLA 600.3201; MSA 27A.3201).

Appeal from Wayne, Charles S. Farmer, J. Submitted January 4, 1977, at Detroit. (Docket No. 28331.) Decided February 3, 1977.

Complaint by National Airport Corporation against Wayne Bank, Forest E. Youngblood, Wayne County Register of Deeds and William Lucas, Wayne County Sheriff, to enjoin the foreclo-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 16 Am Jur 2d, Constitutional Law § 560 *et seq.*

Due process of law; what constitutes. 42 L Ed 865.

[3] 55 Am Jur 2d, Mortgages §§ 716–726, 1213.

Constitutional provision against impairment of obligation as applied to rights and remedies of mortgagee. 79 L Ed 303.

sure of a mortgage by advertisement. Complaint dismissed. Plaintiff appeals. Affirmed.

*Collins & Einhorn, P. C.,* for plaintiff.

*Ballantine & Szlinis,* for defendant Wayne Bank.

*Aloysius J. Suchy,* County of Wayne Corporation Counsel, and *John J. McCann,* Assistant Corporation Counsel, for defendants Forest E. Youngblood and William Lucas.

Before: ALLEN, P. J., and D. E. HOLBROOK and D. C. RILEY, JJ.

D. E. HOLBROOK, J. Plaintiff brought an action to enjoin the foreclosure by advertisement of property mortgaged to defendant, contending that the statutory procedure, MCLA 600.3201 *et seq.;* MSA 27A.3201 *et seq.,* was in violation of due process requirements. The complaint was dismissed and plaintiff appeals as of right.

Plaintiff owns two parcels of real property in Wayne County. On February 22, 1972, plaintiff gave a mortgage on both parcels to defendant bank. Subsequently, plaintiff became delinquent in the mortgage. On October 9, 1975, defendant caused to be published a notice of foreclosure. The notice provided that on November 20, 1975, a deputy sheriff for Wayne County would seize and sell the mortgaged property and plaintiff's interest therein to the highest bidder at a foreclosure sale. All of these acts were to be conducted pursuant to MCLA 600.3201 *et seq.;* MSA 27A.3201 *et seq.,* providing for seizure and sale of mortgaged property through the procedure known as foreclosure of mortgage by advertisement. Plaintiff admits that he had actual notice and, furthermore, admits

that the delinquency still exists. Nevertheless, plaintiff filed this complaint alleging that defendant's actions pursuant to said statutes had deprived plaintiff of valuable property rights, that is to say, he was entitled to actual notice and an opportunity to be heard at a hearing prior to foreclosure. This, plaintiff maintained, would deprive plaintiff of due process of law as guaranteed by US Const, Am XIV and Const 1963, art 1, §§ 2, 17. The trial court held that:

"It is the Court's opinion that all the issues and questions of law have been dispositive of the recent United States Court of Appeals opinion, *Brenda Joyce Northrip v Federal National Mortgage Association,* Nos 74-1500-01, for the Sixth Circuit. This Court therefore adopts the conclusions and findings of law therein, that there is not sufficient involvement of state or federal officers to require a determination as to the constitutionality of the procedure under Article I, Section 17 of the Michigan Constitution."

We must determine whether the trial court was correct in adopting Judge McCree's thorough and scholarly opinion in *Northrip v Federal National Mortgage Association,* 527 F2d 23 (CA 6, 1975). This is further complicated by our Supreme Court's recent decision in *Dow v State of Michigan,* 396 Mich 192; 240 NW2d 450 (1976).

It is unquestioned that state action is required in order to assert a denial of due process under both the Michigan and United States Constitutions. *Jackson v Metropolitan Edison Co,* 419 US 345; 95 S Ct 449; 42 L Ed 2d 477 (1974), *Dow v State of Michigan, supra.* The trial court below found such a lack of state action so as to preclude protection of the due process clause on the basis of *Northrip, supra.* However, our Supreme Court in *Dow* recently stated:

"While *Fuentes [v Shevin,* 407 US 67; 92 S Ct 1983; 32 L Ed 2d 556 (1972)], *Mitchell [v W T Grant Co,* 416 US 600; 94 S Ct 1895; 40 L Ed 2d 406 (1974)] and *North Georgia [Finishing, Inc v Di-Chem, Inc,* 419 US 601; 95 S Ct 719; 42 L Ed 2d 751 (1975)] may differ regarding the quantum of process to be accorded, it is clear that the Due Process Clause applies to a creditor's effort to enforce its lien through judicial proceedings or other state action against a defaulting debtor.

\* \* \*

"The Due Process Clause is a limitation on state action. *Sniadach et al [v Family Finance Corp,* 395 US 337; 89 S Ct 1820; 23 L Ed 2d 349 (1969)] involved state action because the creditor utilized process issued by state officials to enforce its claim. In this case where the state is the moving party, the state-action requirement is clearly satisfied." 396 Mich at 201, 202.

In *Dow* there was no question that there was state action. However, in *Northrip,* Judge McCree properly observed that there is a difference between a creditor's enforcement of a lien through judicial proceedings against a defaulting debtor and foreclosure by advertisement of a mortgage providing for such procedure therein.

"Appellee cites *Sniadach v Family Finance Corp,* 395 US 337; 89 S Ct 1820; 23 L Ed 2d 349 (1969) and *Fuentes v Shevin,* 407 US 67; 92 S Ct 1983; 32 L Ed 2d 556 (1972) as examples of cases where state action was present because state officers acted to deprive persons of property. The garnishment (in *Sniadach)* and replevin (in *Fuentes)* did not depend upon a contractual power granted to the creditor as is the case here. Instead, any person could invoke the aid of the state with no more than a bare assertion that money was owed him. A state officer then directed the debtor's employer to withhold wages (in *Sniadich) [sic]* or physically removed personal property from the premises (in *Fuentes).* In this case, the sheriff's presence was only incidental, and not essential, to the employment of a remedy entered into privately by the mortgagee and mortgagor.

"With respect to the register of deeds, it appears that he is required to do no more than to record the deed and indicate whether a redemption takes place. As one court has observed: There is 'little significance in the fact that a clerk may perform the ministerial act of recording the deed under power evidencing sale or that courts of the State of Georgia may enforce the agreement the parties have made. Were those factors considered determinative, every private agreement between citizens would be imbued with state action.' *Global Industries v Harris,* 376 F Supp 1379, 1383 (ND Ga, 1974). (Footnotes omitted.)

"Thus, we do not believe the presence of the sheriff and register of deeds in this procedure constitutes state action under the Fourteenth Amendment. We agree with the district court that: 'State action does not necessarily result whenever a state renders any sort of benefit or service to a private entity or seeks to regulate private activity in any degree whatever.' 372 F Supp at 597 citing *Moose Lodge No 107 v Irvis,* 407 US 163, 173; 92 S Ct 1965; 32 L Ed 2d 627 (1972)." *Northrip* at 28–29.

See also *Barrera v Security Building & Investment Corp,* 519 F2d 1166 (CA 5, 1975).

The mortgage foreclosure by advertisement differs from the ordinary debtor-creditor relationship which requires judicial action to enforce the creditor's claim. The statute requires that foreclosure by advertisement must be provided for in the mortgage. MCLA 600.3201; MSA 27A.3201, *Bradway v Miller,* 200 Mich 648; 167 NW 15 (1918). Therefore, contractual consent is required. This is a private matter between the parties to the mortgage. In *Northrip,* the Court observed:

"Michigan recognizes that the power of sale is an incident of the private right to contract. *Equitable Trust Co v Barlum Realty Co,* 294 Mich 167; 292 NW 691 (1940). A power of sale remedy in a mortgage was recognized by Michigan courts as a part of common law even before the first statute dealing with the subject

was enacted. *Hoffman v Harrington,* 33 Mich 392 (1876). In fact, the statute permitting foreclosure upon advertisement was enacted

" 'to enlarge and not to cut down the rights of mortgagors. Before such statutes were passed, sales made under a power of sale contained in a mortgage were governed by the same rules applicable to sales under any other power, and courts in the absence of statutes have never applied to such powers in any such technical rules as would impair the security of purchasers. The power is part of the contract, and should be construed on principles applicable to contracts, and not as a hostile process.' *Reading v Waterman,* 46 Mich 107, 110; 8 NW 691, 692 (1881).

"Therefore, it is clear that the statute under attack here did not create the power of sale foreclosure. Instead, the state, by enacting this statute, acted to regulate and standardize a recognized practice. If anything, the statute made foreclosure more difficult for the mortgagee because he was required to comply with its provisions. See *Barrera v Security Building & Investment Corp,* 519 F2d 1166 (CA 5, 1975), *Bryant v Jefferson Federal Savings and Loan Association,* 166 US App DC 178; 509 F2d 511, 515 (1974), and *Bond v Dentzer,* 494 F2d 302, 308-309 (CA 2, 1974)." 527 F2d at 26–27 (Footnotes omitted.)

We hold that the trial court was correct in dismissing plaintiff's complaint on the basis of *Northrip.* We also hold that this ruling is unaffected by *Dow v State of Michigan, supra,* which obviously referred to a different situation. Where a creditor utilizes process issued by the state to enforce his claim against the defaulting debtor, we heartily agree with our Supreme Court that there is such state action so as to warrant due process application to such procedures. However, foreclosure by advertisement is significantly different from that situation and state action is not present. Michigan statutes providing for such procedure generally serve to protect the mortgagor and

whether additional notice should be required in these situations must be considered by the Legislature. These procedures are merely statutory recognition and further protection of common law rights. Because the requisite state action is not present, we need not express an opinion as to plaintiff's constitutional claim.

Affirmed. No costs, the construction of a statute being involved.