Carl T. DONAHOO and Judy A. Donahoo, Plaintiffs,

v.

HOUSEHOLD FINANCE CORPORATION, a foreign corporation, Defendant.

Civ. No. 9–70756.

United States District Court, E. D. Michigan, S. D.

June 7, 1979.

---

Peter R. Barbara & Associates, P.C. and Victoria Eva Abdella, Highland Park, Mich., and Susan McParland, Wayne County Neighborhood Legal Services, Detroit, Mich., for plaintiffs.

Dickinson, Wright, McKean, Cudlip & Moon, by Kenneth J. McIntyre and Kathleen Gallagher Lewis, Detroit, Mich., for defendant.

## MEMORANDUM OPINION

RALPH M. FREEMAN, District Judge.

On March 12, 1979 plaintiffs filed this action in the Wayne County Circuit Court, alleging that in the course of consummating a loan to them defendant violated the Truth-in-Lending Act, 15 U.S.C. § 1601 *et seq.*, the Michigan Consumer Protection Act, M.C.L.A. § 445.901 *et seq.*, and the Michigan Small Loans Act, M.C.L.A. § 493.1 *et seq.* In addition, plaintiffs alleged that wage assignments given by them to defendant as security for the loan were executed upon without a judicial hearing. Although not expressly stated in the complaint, plaintiffs apparently sought to assert that execution upon the wage assignments without a judicial hearing was a violation of their rights to due process of law under the fourteenth amendment to the United States constitution and article 1, section 17 of the Michigan constitution.

Defendant subsequently removed the case to this Court pursuant to 28 U.S.C. § 1441. Federal jurisdiction of the Truth-in-Lending Act claim was asserted pursuant to 15 U.S.C. § 1640(e) and 28 U.S.C. § 1337; jurisdiction of the due process claim was asserted pursuant to 28 U.S.C. § 1334(3). The remaining state claims were included in the removal on the basis of pendent jurisdiction.

This matter currently is before the Court on defendant's motion to dismiss those portions of the complaint which seek to assert a violation of due process under the federal and Michigan constitutions. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant avers that the due process allegations of plaintiffs' complaint fail to state a claim upon which relief can be granted, because wage assignments do not involve sufficient state action to justify application of the due process clauses of the state and federal constitutions.

It is well settled that the due process clauses of both the federal and Michigan constitutions apply only to those situations

in which there is sufficient involvement of the state in the action complained of to justify treating the action as that of the state itself. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974); *Northrip v. Federal Natn'l Mortgage Ass'n*, 527 F.2d 23 (6th Cir. 1975); *Dow v. Michigan*, 396 Mich. 192, 240 N.W.2d 450 (1976); *National Airport v. Wayne Bank*, 73 Mich.App. 572, 252 N.W.2d 519 (1977). Thus, the crucial inquiry for purposes of this motion is whether execution upon the wage assignments at issue involved sufficient state action to trigger application of the state and federal due process clauses.

■ Plaintiffs' position in opposition to defendant's motion essentially is that the Michigan wage assignment statute, M.C.L.A. § 493.17, encourages wage assignments and authorizes creditors to exercise governmental functions; thus, sufficient state action exists to justify application of the state and federal due process clauses. Plaintiffs rely in part upon a recent opinion of the Michigan attorney general, Att'y Gen. Op. No. 5398, to the effect that due process requires a judicial hearing before execution may be made upon a wage assignment pursuant to M.C.L.A. § 493.17. Although they recognize that the attorney general's opinion is not binding upon the courts, *see, e.g., Traverse School District v. Attorney General*, 384 Mich. 390, 185 N.W.2d 9 (1971), plaintiffs assert that the attorney general's implicit finding of state action should persuade this Court to make a similar finding in this case. In light of substantial court precedent contrary to the attorney general's opinion, however, this Court must reject plaintiffs' assertion and must find their position on the substantive issue without merit.

The issue of state action in connection with wage assignments under M.C.L.A. § 493.17 is not new to this Court. In fact, two relatively recent cases have disposed of due process challenges to the Michigan wage assignment statute on the ground that insufficient state action existed to justify the application of due process in the first place. *Exton v. Michigan Fidelity Loan Co.*, Civ.No. G36–72 (W.D.Mich., Jan. 30, 1976); *Shackelford v. Household Finance Corp.*, Civ.No. 36143 (E.D.Mich., January 6, 1975). As Judge Fox pointed out in *Exton*, wage assignments had long been recognized at common law prior to any enactment governing their application. *See e. g., Kane v. Klough*, 36 Mich. 436 (1877). The legislative history of M.C.L.A. § 493.17 clearly reveals that statutes governing wage assignments were enacted to limit abuses and overreaching by creditors, particularly in small loan situations. *Exton v. Michigan Fidelity Loan Co., supra; see also Bond v. Dentzer*, 494 F.2d 302 (2d Cir.) *cert. denied*, 419 U.S. 837, 95 S.Ct. 65, 42 L.Ed.2d 63 (1974). Thus, it is clear that the wage assignment statute merely places limitations upon what otherwise would be valid assignments of wages; the statute accordingly regulates, rather than creates, the assignment of wages. *Id.*

■ As the United States Court of Appeals for the Sixth Circuit made clear in *Northrip v. Federal Natn'l Mortgage Ass'n*, 527 F.2d 23 (6th Cir. 1975), mere statutory regulation of a power recognized at common law, as opposed to creation of the power by statute, simply is not sufficient state involvement to justify a finding of state action. In *Northrip*, the district court had found the procedure for mortgage foreclosure under M.C.L.A. § 600.3201 *et seq.* to be violative of the state and federal due process clauses. In reversing the district court's finding of state involvement sufficient to trigger due process limitations, the court of appeals emphasized that

A power of sale remedy in a mortgage was recognized by Michigan courts as part of common law even before the first statute dealing with the subject was enacted.

. . . . .

Therefore, it is clear that the statute under attack here did not create the power of sale foreclosure. Instead, the state, by enacting this statute, acted to regulate and standardize a recognized practice. If anything, the statute made foreclosure

more difficult for the mortgagee because he was required to comply with its provisions.

*Id.* at 27 (footnote and citations omitted). The court concluded:

> The rights exercised by the mortgagee upon the default of the mortgagor are essentially the same ones that existed at common law. The statute merely regulates the power of sale foreclosure; it does not create it. Accordingly, we do not find state action under the theory that [defendant] was engaging in a governmental function.

*Id.* at 29.

As Judge Fox ruled in the *Exton* case, the rationale of *Northrip* forecloses the possibility of a due process attack upon the Michigan wage assignment statute. This fact is made even more clear by *Northrip*'s approving citation of *Bond v. Dentzer, supra,* a case in which the Court of Appeals for the Second Circuit found insufficient state action in a due process challenge to the New York wage assignment statute. *See also Western v. Hodgson,* 359 F.Supp. 194 (S.D.W.Va.1973), *aff'd,* 494 F.2d 379 (4th Cir. 1974) (insufficient state action to support due process challenge to West Virginia wage assignment statute with provisions virtually identical to Michigan wage assignment statute).

For these reasons, this Court must conclude that plaintiffs have failed to state a claim upon which relief can be granted insofar as their complaint alleges that execution upon a wage assignment in conformity with M.C.L.A. § 493.17 is a violation of due process under the state and federal constitutions. As the cited cases make clear, wage assignments are private contracts, involving no state action either in their creation or execution. Accordingly, the limitations imposed by the due process clauses of the Michigan and federal constitutions are inapplicable.

Defendant's motion to dismiss those portions of plaintiffs' complaint which seek to allege a violation of due process under the state and federal constitutions shall be granted. An appropriate order shall be submitted.