*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CAROL JEAN GROULX,

        Plaintiff-Appellant,

v

SAGINAW SPAULDING BTS RETAIL, LLC, also known as DOLLAR GENERAL,

        Defendant-Appellee.

UNPUBLISHED
September 14, 2023

No. 363111
Saginaw Circuit Court
LC No. 22-047197-CZ

Before: GLEICHER, C.J., and JANSEN and RICK, JJ.

PER CURIAM.

Plaintiff, Carol Jean Groulx, appeals as of right the trial court order granting summary disposition under MCR 2.116(C)(8) (failure to state a claim) in favor of defendant, Saginaw Spaulding BTS Retail, LLC (Saginaw Spaulding), denying plaintiff's request to amend her complaint, and ordering plaintiff to pay defendant's reasonable costs and attorney fees. We affirm.

## I. BACKGROUND

Plaintiff, acting *in propria persona*, filed a complaint against Saginaw Spaulding on May 10, 2022. The complaint stated, "[t]he purpose for the emergency complaint is because defendant is about to build a business where debris, safety, flooding and hazardous chemicals where Plaintiff needs to know how the defendant is going to protect her property and herself from the issues stated." The business being built was a Dollar General. The complaint asserted, "[d]efendant MUST CEASE and DESIST from construction of the dollar general until this suit is resolved and there is a contract between plaintiff and defendant." The complaint asserted one claim, which was titled: "[V]iolating plaintiff's constitutional right of due process to guess how defendant is going [sic: to] prevent hazardous chemicals, debris, safety, and flooding issues onto plaintiff's property." Plaintiff requested damages in the amount of $100,000,000, or, alternatively, $50,000,000 if defendant showed that it had filed "plans" with the local government demonstrating that it would not violate plaintiff's right to due process in the manner alleged in plaintiff's claim.

Defendant moved for summary disposition and an award of sanctions, arguing that plaintiff failed to state a viable claim against defendant because defendant was not a state actor and the

-1-

court should impose sanctions on plaintiff for filing a frivolous lawsuit that was devoid of arguable legal merit. Plaintiff responded by arguing that the court should dismiss defendant's motion and not impose sanctions because the Due Process Clause applied to defendant. Plaintiff also argued that she had a right to amend her complaint to include a claim of nuisance per se related to defendant's violation of Spaulding Township Ordinance § 90.68[1] by performing construction work before 8:00 a.m. Defendant filed a reply, arguing that plaintiff's request to amend the complaint was not properly before the court because she did not comply with MCR 2.118(A)(4).[2] After a hearing was held, the trial court granted defendant's motion for summary disposition, denied plaintiff's request to amend her complaint, and imposed sanctions against plaintiff. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews a trial court's decision on a motion to amend a complaint for an abuse of discretion. *Long v Liquor Control Comm*, 322 Mich App 60, 67; 910 NW2d 674 (2017). "Under MCR 2.116(I)(5), if summary disposition is granted pursuant to MCR 2.116(C)(8), 'the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified.' " *Id*. A trial court

---

[1] Spaulding Township Ordinance § 90.68 provides, in relevant part:

> (A) *Daytime exceptions.* Any noise source that does not produce a noise level exceeding 80 dBA at a distance of 25 feet from the sound source under its most noisy condition of use shall be exempt from the provisions of §§ 90.66 and 90.67 between the hours of 8:00 a.m. and 8:00 p.m. daily, except on Sundays and holidays, when the exemption herein shall apply between 10:00 a.m. and 6:00 p.m.

> (B) *Safety and emergency devices.* Emergencies are exempt from this subchapter.

> (D) *Construction.* Notwithstanding any other provision of this subchapter, between the hours of 8:00 a.m. and 8:00 p.m. daily, except on Sundays and holidays, when the exemption herein shall apply between 10:00 a.m. and 6:00 p.m., construction, alteration or repair activities that are authorized by a valid permit shall be allowed. In addition, all construction undertaken by a public utility or state or local municipality shall be allowed.

> (E) *Exceptions.* Nothing in this chapter shall prohibit the use of powered tools, including but not limited to, lawn mowers, chain saws, garden tractors, snow removal devices and similar tools, during daytime hours as defined in division (A) above.

[2] MCR 2.118(A)(4) requires that amendments "be filed in writing, dated, and numbered consecutively, and must comply with MCR 2.113." MCR 2.113 addresses the form, captioning, signing, and verifying of documents.

should freely grant leave to amend the pleadings to the nonprevailing party upon a grant of summary disposition unless the amendment would be futile or otherwise unjustified. *Id.*

This Court also reviews a trial court's decision to order a sanction for an abuse of discretion. *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 359090); slip op at 18. "A trial court abuses its discretion when its decision falls outside the range of reasonable outcomes." *Id.* at ___; slip op at 18. Additionally, this Court reviews for clear error a trial court's finding that a civil action was frivolous. *Id.* at ___; slip op at 18. "A finding is clearly erroneous when this Court is left with the definite and firm conviction that the trial court has made a mistake." *Id.* at ___; slip op at 18.

III. ANALYSIS

Plaintiff appears to present nine issues on appeal. However, plaintiff failed to raise six of these issues in the trial court, and these unpreserved issues are waived for appellate review. See *id.* at ___; slip op at 2. The only three issues that plaintiff properly preserved for appeal are (1) whether plaintiff had a right to amend her complaint, (2) whether defendant's violation of the township ordinance constituted a claim of nuisance per se, and (3) whether plaintiff should have been sanctioned.

However, all of the issues presented on appeal—preserved and unpreserved—are nonetheless abandoned because plaintiff has failed to adequately brief her arguments. Indeed, plaintiff has failed to cite any caselaw, statutes, or other legal authority to support her arguments on appeal. Because plaintiff has failed to adequately brief these arguments, they are abandoned. See *Seifeddine v Jaber*, 327 Mich App 514, 520; 934 NW2d 64 (2019). "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Clair v XPO Logistics, Inc*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 356954); slip op at 8 (quotation marks and citation omitted).

Nevertheless, to the extent that we are able to decipher plaintiff's arguments, we reject them. The trial court did not abuse its discretion when it denied plaintiff's request to amend her complaint because plaintiff failed to present her amendment to the trial court in writing in accordance with the requirements of MCR 2.118(A)(4). See *Anton, Sowerby & Assoc, Inc v Mr C's Lake Orion, LLC*, 309 Mich App 535, 551-552; 872 NW2d 699 (2015) ("Absent the submission of the proposed complaint in writing or a clear statement of plaintiff's claim, we discern no abuse of the circuit court's discretion."). Second, plaintiff did not have a viable nuisance per se claim because even if defendant violated the township's ordinance, the ordinance, which amounts to a noise ordinance, cannot serve as a basis for plaintiff's nuisance per se claim.[3] See MCL 125.3407; see also *Ypsilanti Charter Twp v Kircher*, 281 Mich App 251, 278; 761 NW2d 761 (2008) ("[A]bsent statutory authority for doing so, townships lack the power to classify

---

[3] To the extent plaintiff asserts on appeal that she could have brought a claim for private nuisance, we disagree. Plaintiff failed to allege that defendant's construction team caused her significant harm. See *Wolfenbarger v Wright*, 336 Mich App 1, 17; 969 NW2d 518 (2021).

violations of their ordinances as nuisances per se . . . .").  Lastly, the trial court did not abuse its discretion by requiring plaintiff to pay defendant's attorney fees because plaintiff's due-process claim against defendant—a private entity—was devoid of arguable legal merit at the outset.  See MCL 600.2591 (costs and fees for frivolous actions); see also *Nat'l Airport Corp v Wayne Bank*, 73 Mich App 572, 574; 252 NW2d 519 (1977) ("It is unquestioned that state action is required in order to assert a denial of due process under both the Michigan and United States Constitutions.").[4]

Affirmed.  Defendant, having prevailed in full, may tax costs.  MCR 7.219(A).

/s/ Elizabeth L. Gleicher
/s/ Kathleen Jansen
/s/ Michelle M. Rick

---

[4] This case was decided before November 1, 1990, and, therefore, it is "not binding precedent, MCR 7.215(J)(1), [but it] can be considered persuasive authority." *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2012).