SKINNER *v.* ARGENTINE TOWNSHIP BOARD.

1. LICENSES—DANCE HALLS—TOWNSHIP BOARD MAY NOT ARBITRA-
RILY REFUSE A LICENSE.
   A township board, in determining whether an applicant
   for a license under Act No. 53, Pub. Acts 1921, to operate
   a dance hall possesses the qualifications required may not
   act arbitrarily, maliciously, or capriciously, and whether
   it acted arbitrarily in refusing a permit is a proper matter
   for court review.

2. MANDAMUS—RETURN—PLEA ADMITTING TRUTH OF RETURN.
   Where, in mandamus proceedings to compel a township
   board to grant plaintiff a license under Act No. 53, Pub.
   Acts 1921, to conduct a dance hall, he filed no plea to
   the board's return stating that he had not the proper
   moral qualifications, he was not entitled to dispute it,
   and it was properly taken as true by the trial judge.

3. JUDGMENT—TRIAL UPON MERITS.
   That one's pleadings in an action are such as to limit the
   scope of the trial by excluding certain testimony, does
   not rob the case of being tried "upon its merits," as re-
   gards plea of *res judicata.*

4. SAME—WHEN JUDGMENT CONCLUSIVE.
   When a right or fact has been judicially tried and de-
   termined by a court of competent jurisdiction, or an op-
   portunity for such trial has been given, the judgment
   of the court, so long as it remains unreversed, is con-
   clusive on the parties and those in privity with them
   in law or estate.

5. SAME—MANDAMUS—PLEA ADMITTING TRUTH OF RETURN.
   Plaintiff, in mandamus proceedings to compel a township
   board to grant him a license under Act No. 53, Pub.
   Acts 1921, to conduct a dance hall, may not question the
   good faith of the board in refusing him a license on the
   ground that he had not the proper moral qualifications,
   where, in former proceedings, he had an opportunity to

---

[1]Licenses, 37 C. J. §§ 97, 98; [2]Mandamus, 38 C. J. § 353;[3]Judg-
ments, 34 C. J. § 1294 (Anno); [4]Id., 34 C. J. §§ 1282, 1322; [5]Id.,
34 C. J. §§ 1173, 1341.

dispute said finding but failed to do so, and by his plea
admitted its truth; said question now being *res judicata.*

6. LICENSES—DENIAL OF LICENSE OPERATIVE FOR YEAR.
   A township board may lawfully deny an applicant a
   license under Act No. 53, Pub. Acts 1921, to conduct a
   dance hall for a period of one year from the date of his
   first application.

Certiorari to Genesee; Brennan (Fred W.), J. Submitted March 15, 1927. (Calendar No. 32,421.) Decided May 3, 1927.

Mandamus by Frank W. Skinner to compel the township board of Argentine township to grant a permit to conduct a dance and soft drink hall in said township. From an order granting the writ, defendant brings certiorari. Reversed.

*William R. Roberts,* Prosecuting Attorney, and *Sylvester Pheney,* for appellant.

*George W. Cook,* for appellee.

The plaintiff, Frank W. Skinner, on two occasions, applied to the township board of Argentine township, Genesee county, for a permit to conduct a dance and soft drink hall, as provided by Act No. 53, Pub. Acts. 1921 (Comp. Laws Supp. 1922, § 2049 [35-41]). The first application was presented March 24, 1925, and permit denied. He then applied to the Genesee circuit court for a mandamus to compel the township board to grant him such permit. Upon hearing, the matter was disposed of adversely to plaintiff May 9, 1925, and later a writ of certiorari to review the proceeding was denied by this court. The second application, identical with the first, was presented to the township board, July 24th, following, four months after the first. It was filed, as plaintiff claims, for the reason

⁶Licenses, 37 C. J. § 97.

that the first one did not receive favorable action because three members of the township board believed they had the right to deny it if they were opposed to dance halls generally, and that they did not understand it was essential that there be statutory objections to the plaintiff which would disqualify him. He therefore expected, when the matter came before the board again, that these members, after learning their position was wrong, would vote in favor of granting him the permit he sought. But they did not, and on August 7, 1925, at an adjourned meeting of the board, its members refused to take any action at all, on the ground that the denial of plaintiff's former petition, based on their finding that he "would conduct said place in a manner as to be a menace to and inimical to the public morals," etc., deprived the board of jurisdiction to act unless its former resolution was rescinded. Assuming this position, a motion to grant the permit was declared out of order, and the board adjourned without further action.

Plaintiff again commenced mandamus proceedings against the board to compel granting of the permit. Issue was framed, and the case was tried before the Hon. Fred W. Brennan without a jury. Many witnesses were sworn on the question of plaintiff's reputation and fitness. At its close the court granted the prayer of plaintiff and ordered defendant board to forthwith convene and grant him a permit for one year. In his opinion Judge Brennan said:

"And where a township board refuses to do that simply on the ground that they do not propose to have a dance hall in their township, they are acting contrary to the provisions of law, and it cannot be sustained, because the law says they shall do so, they shall do so when the proper petition is filed, and the applicant possesses the necessary qualifications, and I am satisfied in my own mind that the motion that prompted this township board in this matter is the fact they did not want a public dance hall in the township, I

will put it that way.    In my judgment the township board has acted arbitrarily in refusing to grant this license.    I think the mandatory order shall issue, that the license be granted this petitioner, that the township board shall forthwith convene."

We review here on certiorari.

Snow, J. (*after stating the facts*).    Act No. 97, Pub. Acts 1919, providing for the issuing of permits by township boards for conducting dance halls, etc., was declared by this court to be unconstitutional because it provided no method for making application, contained no qualifications for the applicant, provided no standard of fitness, made no provision as to the character of the structure to be used, and conferred "upon township boards the arbitrary power to grant or refuse a license, according to its whim or caprice." See *Devereaux* v. *Genesee Township Board*, 211 Mich. 38.

At the following session of the legislature the statute here involved (Act No. 53, Pub. Acts 1921) was enacted.    By this act it was attempted to remedy the objectionable features of the former one, and it is provided that:

"No person shall be granted a permit under the provisions of this act who is under twenty-one years of age, and who has not resided within this State for a period of at least one year immediately prior to the application for such permit; nor shall any such permit be granted to any person who has been convicted of any crime involving moral turpitude, nor to any person whose general reputation in any community in which he has resided during the five years next preceding such application is that of a gambler, bootlegger, cheat or promoter of vice and immorality."

It also provides that:

"The township board receiving such application, if presented in due form, shall pass upon the same at its next regular meeting,   *   *   *   and if satisfied that such applicant possesses the qualifications herein pre-

scribed, shall grant such permit for the term of one year."

Always, then, the question to be determined, in the first instance, by the township board, is as to whether or not the applicant possesses the required statutory qualifications.   But the board in deciding this cannot arbitrarily, maliciously, or capriciously refuse a permit, and whether it acts arbitrarily or in good faith is a proper matter for court review.

Plaintiff's first application was refused because the board determined

"that the general reputation of the said Frank W. Skinner for morality is well known to the board, and that the board is satisfied that the said Frank W. Skinner, if license were granted, would conduct said place in a manner to be a menace to and inimicable to the public morals and good citizenship of the community."

Therefore, when he applied to the circuit court for a mandamus to compel the board to grant him a permit, he was entitled to have his qualifications passed upon in that proceeding, and to have a judicial determination of whether or not the township board had acted arbitrarily and in bad faith in making its finding and denying his application.   That these matters were not determined was the fault of no one but himself.   He filed no plea to the return and was not therefore entitled to dispute it.   It was properly taken as true by the trial judge, who thereupon rendered judgment against him.

We are thus confronted with the question as to the effect of this judgment upon the present proceedings. The doctrine of *res judicata* is defined to be:

"that an existing final judgment or decree rendered upon the merits, and without fraud or collusion, by a court of competent jurisdiction, upon a matter within its jurisdiction, is conclusive of the rights of the parties or their privies, in all other actions or suits

in the same or any other judicial tribunal of concurrent jurisdiction, on the points and matters in issue in the first suit." 15 R. C. L. p. 950, § 429.

These two actions were launched in the same court; the parties were the same; the subject-matter and relief sought were the same; the issue was the same; and the first judgment was rendered without fraud or collusion and upon the merits. That testimony of plaintiff's qualifications was not received, as before stated, was because he accepted the return of the defendant as true. The fact that one's pleadings in an action are such as to limit the scope of the trial by excluding certain testimony, does not rob the case of being tried "upon its merits." For illustration, certain defenses may be made under a plea of the general issue only when special notice is given, but because such notice was not given and evidence of such defense was therefore barred, it could not well be claimed the case was not disposed of "on its merits." Plaintiff's mistake in pleading is admitted in his motion for a new trial, wherein one of the reasons given is that he "did not know at the time of trial and hearing of said petition and answer that on a trial of this kind the answer would be taken as true." He should have known it, but because of his lack of knowledge, and his consequent failure to plead as he afterwards desired, can it be said the judgment is any the less binding upon him? We think not. The doctrine of *res judicata* rests upon the principle that the same matter can be litigated but once, and it is said in 15 R. C. L. p. 953:

"That when a right or fact has been judicially tried and determined by a court of competent jurisdiction, *or an opportunity for such trial has been given*, the judgment of the court, so long as it remains unreversed, should be conclusive upon the parties, and those in privity with them in law or estate."

The issue, and the only one, in the first mandamus

proceeding, was precisely the issue, and the only one, in the present case, viz., whether or not the board acted arbitrarily in determining plaintiff was not qualified to receive a permit.   In the first case this issue was tendered plaintiff by the return, and he admitted the return to be true.   There was then no necessity for testimony.   In the present case the issue was also tendered plaintiff by the return, and he denied the truth thereof.   This necessitated the taking of proof.   But in each case the issue was the same, and plaintiff is now estopped from again having it determined.   *Johnson* v. *Board of Sup'rs of Ionia Co.,* 202 Mich. 597; *Hoffman* v. *Silverthorn,* 137 Mich. 60.

We have examined cases cited by plaintiff and find they are not in point.

From the record we might conclude that permit was withheld from plaintiff without justifiable cause, and the trial court may have been right in so holding.   But after judgment in a case in all respects identical, the court was clearly without further jurisdiction.   The defendant township board may lawfully deny the plaintiff a permit or license to operate a soft drink emporium and public dance hall within its township for a period of one year from the date of his first application.

The judgment reviewed is reversed, and the circuit court directed to enter one in favor of the defendant, but without costs as the case involves a matter of public moment.

Sharpe, C. J., and Bird, Steere, Fellows, Wiest, Clark, and McDonald, JJ., concurred.