34 Mich. App. 638 (1971)
192 N.W.2d 50
CRAMER
v.
METROPOLITAN FEDERAL SAVINGS AND LOAN ASSOCIATION
Docket No. 9619.
Michigan Court of Appeals.
Decided June 25, 1971.
Allen J. Counard and D. Lawrence Kevelighan, for plaintiff.
McClintock, Fulton, Donovan & Waterman (by William P. Thorpe), for defendant.
Before: DANHOF, P.J., and McGREGOR and LEVIN, JJ.
PER CURIAM.
The plaintiff, Virginia Cramer, executed a note secured by a mortgage on her home in favor of the defendant, Metropolitan Federal Savings and Loan Association. The monthly installments of principal and interest were timely paid; *640 indeed, she made substantial prepayments of principal. A dispute arose concerning the amount required to be paid to Metropolitan Federal under a provision in the mortgage obligating Mrs. Cramer to deposit monthly with the mortgagee, in escrow, sums to pay real property taxes and hazard and mortgage insurance premiums.
Metropolitan Federal commenced foreclosure proceedings by advertisement, and Mrs. Cramer commenced this action claiming she had a defense to the foreclosure and that Metropolitan Federal had demanded excessive escrow deposits and mishandled and failed properly to apply funds she had deposited in escrow. Injunctive relief and money damages were sought.
A circuit judge entered a temporary restraining order and order to show cause why a preliminary injunction should not be entered. Subsequently a hearing was held on the order to show cause, and on September 27, 1968, the circuit judge entered an order finding that Mrs. Cramer was "in default on her mortgage", dissolving the temporary restraining order, and expressly permitting Metropolitan Federal to proceed with the foreclosure.
On March 16, 1970, Mrs. Cramer sought to file an amended complaint and a demand for a jury trial. In her amended complaint she alleged that in June, 1969, she had exercised her right of redemption from the foreclosure sale. She claimed further that, as a result of the rise in interest rates since 1963 (when the mortgage made by Metropolitan Federal was executed) and because of other charges made by Metropolitan Federal and expenses and damages incurred by her, she had been damaged by Metropolitan Federal's wrongful foreclosure of the mortgage.
A circuit judge (not the judge who had heard the matter in 1968) entered an order denying Mrs. *641 Cramer's request to file an amended complaint and denying her demand for a jury trial; and subsequently he entered a summary judgment dismissing her complaint on the ground that the 1968 finding that she was in default made at the time the temporary restraining order was dissolved was res judicata. Mrs. Cramer appealed. We reverse and remand for further proceedings.
The summary 1968 hearing on the order to show cause was not a trial hearing. The transcript, 16 pages in length, is largely colloquy between the lawyers and the judge. One witness for Metropolitan Federal was sworn and gave testimony. Mrs. Cramer's evidence was not heard.
In deciding whether to enter, continue, or dissolve a temporary restraining order or a preliminary injunction, a circuit judge may properly proceed summarily and informally, depending on the exigencies of the situation, but his factual findings and determinations arrived at in such manner are not a substitute for a full trial hearing on the allegations of the complaint and the issues framed by the pleadings. See Hopkins v. Crantz (1952), 334 Mich 300, 303, holding that the refusal of a temporary injunction does not preclude later entry of a permanent injunction; the Michigan Supreme Court there observed: "Decision on a preliminary motion in no way affects a final decree".
The dissolution of the temporary restraining order in the present case did not end Mrs. Cramer's action[1] which sought money damages as well as injunctive relief. She was entitled to a full trial hearing on her claims that Metropolitan Federal wrongfully foreclosed the mortgage and was guilty of *642 other wrongdoing and that, in consequence, money damages should be awarded to her.
It was entirely appropriate for Mrs. Cramer to file an amended complaint in the light of the additional facts. After the 1968 hearing the mortgage made by Metropolitan Federal was foreclosed and Mrs. Cramer exercised her right of redemption. The factual setting changed sufficiently after the 1968 hearing so that Mrs. Cramer was entitled to file an amended complaint restating and amending her allegations. A pleading is required to state the facts upon which the pleader relies in stating his cause of action "with such specific averments as are necessary reasonably to inform the adverse party of the nature of the cause he is called upon to defend". GCR 1963, 111.1(1). The court rules also provide that leave to amend "shall be freely given when justice so requires". GCR 1963, 118.1.
On remand the circuit court shall exercise its discretion under GCR 1963, 509.2 in passing on Mrs. Cramer's delayed demand for a jury trial.
Reversed and remanded for further proceedings consistent with this opinion. Costs to plaintiff.
NOTES
[1] Cf. Kuizema v. Breen (1947), 316 Mich 492, 496; First National Tire & Reliner Co. v. Johnson (1921), 213 Mich 442, 444.