CRAMER v METROPOLITAN SAVINGS & LOAN ASSOCIATION

Docket No. 57215. Argued October 7, 1976 (Calendar No. 18).—Decided October 6, 1977. Rehearing denied 402 Mich 954, 960.

Virginia Cramer brought an action to enjoin foreclosure of a mortgage and for damages against Metropolitan Savings and Loan Association and its officers, alleging excessive escrow demands and mishandling of the escrow funds as a defense to the foreclosure. The Wayne Circuit Court, Thomas J. Murphy, J., granted judgment for the defendants on a finding that the plaintiff was in default. Plaintiff's motion to file an amended complaint was denied and Edward F. Bell, J., granted the defendants summary judgment on the ground of res judicata. The Court of Appeals, Danhof, P. J., and McGregor and Levin, JJ., reversed in a per curiam decision (Docket No. 9619). 34 Mich App 638; 192 NW2d 50 (1971). Plaintiff filed an amended complaint of six counts which alleged wrongful foreclosure, and other wrongdoing, and Richard L. Hammer, J., granted summary judgment for Metropolitan. The Court of Appeals, T. M. Burns, P. J., and Adams and Bashara, JJ., affirmed as to five counts, but reversed as to the count alleging breach of a fiduciary relationship (Docket No. 14149). A jury in Circuit Court, John R. Kirwan, J., found no cause of action against the defendants on the allegation of a breach of a fiduciary duty. The Court of Appeals, R. B. Burns, P. J., and T. M. Burns and R. M. Maher, JJ., affirmed (Docket No. 18948). The plaintiff appeals. *Held:*

1. The existence of a statute which permits a mortgagee to foreclose a mortgage by advertisement rather than by judicial process does not constitute state action under the Equal Protection Clauses of the Michigan and Federal Constitutions. Since the power of sale is an incident of the private right to contract,

REFERENCES FOR POINTS IN HEADNOTES

[1] 55 Am Jur 2d, Mortgages §§ 716, 717.

[2] 55 Am Jur 2d, Mortgages § 716.

[3] 20 Am Jur 2d, Covenants, Conditions, and Restrictions §§ 1, 19.

[4] 20 Am Jur 2d, Covenants, Conditions, and Restrictions §§ 184, 314.

[5] 55 Am Jur 2d, Mortgages § 296.

a mortgagee who exercises a foreclosure option is relying on a contract remedy, and not on a right created by statute.

2. The remedy for breach of a covenant is damages or an injunction, whereas the remedy for default on a condition subsequent is termination of the contract. The question whether a particular provision in a contract is a condition or a covenant depends in large part on the language of the contract, interpreted with the intent of the parties as the paramount consideration. Under the terms of the mortgage in the instant case, plaintiff failed to perform a covenant to pay monies into escrow, the performance of which was a condition of the contract. The remedy authorized by the mortgage was termination by foreclosure of the mortgage. This case does not involve a mere technical breach of the contract by the mortgagor, but a refusal to make the payments as agreed.

Affirmed.

1. MORTGAGES—FORECLOSURE—POWER OF SALE—CONSTITUTIONAL LAW.

The power of sale is an incident of the private right to contract; therefore a mortgagee who exercises a power of sale in the mortgage to foreclose by advertisement is relying on a contract remedy, and not a right created by statute (MCL 600.3201 *et seq.;* MSA 27A.3201 *et seq.).*

2. MORTGAGES—FORECLOSURE—CONSTITUTIONAL LAW—DUE PROCESS.

The existence of a statute which permits a mortgagee to foreclose by advertisement rather than by judicial process does not constitute state action in violation of the Due Process Clauses of the State and Federal Constitutions (US Const, Am XIV; Const 1963, art 1, § 17).

3. CONTRACTS—WORDS AND PHRASES—COVENANTS—CONDITIONS.

A covenant is commonly regarded as an assurance that something will be done in the future, while a condition is a cause of some change in a legal relationship; whether a particular provision of a contract is a covenant or a condition depends in large part on the language of the contract, interpreted with the intent of the parties as the paramount consideration.

4. CONTRACTS—REMEDIES—COVENANT—CONDITION SUBSEQUENT.

The remedy for breach of a covenant is damages or an injunction, whereas the remedy for default on a condition subsequent is termination of the contract.

5. Mortgages—Foreclosure—Taxes—Escrow Payments—Default.

A mortgagor breached a covenant the performance of which was a condition under the terms of the mortgage by refusing to pay monies into escrow for property taxes and insurance; therefore foreclosure of the mortgage by advertisement was proper where the mortgage agreement provided that that would be the remedy for default in performance of a covenant by the mortgagor (MCL 600.3201 *et seq.;* MSA 27A.3201 *et seq.).*

Virginia Cramer *in propria persona.*

*McClintock, Donovan, Carson & Roach* for defendants.

Kavanagh, C. J. This appeal arises out of a mortgage foreclosure on plaintiff's property by defendant after the latter accelerated the debt because of an alleged deficiency in plaintiff's "escrow" account. The parties have been before the Court of Appeals in this matter on three occasions, the last appeal to that Court resulting in an affirmance of a jury's verdict for defendant on a breach of fiduciary duty count brought by plaintiff.

This Court granted leave to consider plaintiff's allegations of error in all of the proceedings below.

In June, 1963, plaintiff executed a mortgage application to defendant Metropolitan Savings and Loan Association (hereinafter "Metropolitan") which then issued a "commitment letter", dated July 3, 1963, setting forth the conditions of the loan.

Pursuant to that commitment, plaintiff executed a promissory note secured by a mortgage delivered to defendant on July 29, 1963.

The mortgage included the following terms:

"Mortgagor covenants and agrees:

\* \* \*

"2. In order more fully to protect the security of this mortgage, in addition to the monthly installments of principal and interest, to pay to mortgagee an installment of the taxes and assessments levied or to be levied against said premises that will next become due, [and] an installment of the premium or premiums that will next become due to renew the insurance on said premises (as hereinafter provided) * * * . The said installments shall be equal, respectively, to the taxes and assessments next due and the premium or premiums for such insurance, as estimated by mortgagee, less all sums already paid therefor, divided by the number of months to elapse before one month prior to the date when such taxes, assessments and premiums will become due, such sums to be held by mortgagee, without interest thereon, to pay said taxes, assessments and premiums when due. All payments for principal, interest, taxes, assessments and premiums shall be added together and the aggregate amount thereof shall be paid by mortgagor to mortgagee each month in a single payment. If the sum so deposited shall not be sufficient to pay the taxes, assessments and premiums when the same become due, mortgagor agrees to forthwith pay to mortgagee the amount of the deficiency, and if said deposits shall exceed the amount actually paid by mortgagee therefore, the excess shall be credited upon principal.

\* \* \*

"8. In the event of default in the payment of said indebtedness, or any part thereof, or in the performance of any of the covenants or conditions hereof, mortgagee may, without notice, at its option, declare the entire indebtedness secured hereby due, then or thereafter, as it may elect, regardless of the date of maturity and is hereby authorized and empowered to sell or cause to be sold said premises, pursuant to the statute in such case made and provided, and out of the proceeds of the sale to retain the sums then due hereunder, and all costs and charges of the sale (including the attorneys' fee provided by statute), rendering any surplus moneys to mortgagor. The commencement of proceedings to foreclose this mortgage in any manner

authorized by law shall be deemed an exercise of the above option."

The parties also executed a "Loan Settlement Statement", which itemized the monthly payments as follows:

| | |
|---|---:|
| Principal and Interest | $103.81 |
| Tax Escrow | 22.25 |
| Insurance Escrow | 4.00 |
| MGIC (Mortgage Guaranty Insurance Company) Premium | 3.44 |
| | $133.50 |

The mortgage note, in the amount of $16,500, provided for a monthly payment of $103.81, constituting principal and interest, and made no mention of any other amount for escrow or mortgage insurance premium.

For a period of time, plaintiff made timely payments, including escrow, and in fact, was well ahead of her repayment schedule for principal. There was a continuing dispute, however, over the escrow account, with plaintiff alleging that defendant had not paid her taxes and escrow premiums when due and that defendant was requiring excessive escrow payments.

Defendant admits that it allowed plaintiff's 1963–1964 taxes to become deliquent, but in 1965 paid the back taxes, including all penalties. Plaintiff finally stopped the escrow payments, and stated that she wished to make her tax and insurance payments directly. Plaintiff admits in her brief that she did not maintain a current escrow account.

On May 23, 1968, defendant instituted foreclosure proceedings by advertisement pursuant to MCLA 600.3201 *et seq.;* MSA 27A.3201 *et seq.,* and

paragraph 8 of the mortgage agreement. Defendants complied in all respects with the requirements of the statute.

Plaintiff obtained a temporary restraining order, which was subsequently dissolved after the court determined that plaintiff was in default of her mortgage. The property was sold at a sheriff's sale on October 1, 1968 and plaintiff redeemed the property on June 5, 1969.

Following several judicial proceedings, including an appeal to the Court of Appeals, (34 Mich App 638; 192 NW2d 50 [1971]), plaintiff was allowed to file an amended complaint, which alleged breach of contract, abuse of process, libel, breach of fiduciary duty, invasion of privacy, and intentional infliction of emotional distress. Summary judgment was granted for defendant on March 27, 1972.

In an unpublished per curiam opinion (Docket No 14149, released May 29, 1973), the Court of Appeals affirmed on all counts except that charging breach of fiduciary duty, which was remanded for trial. The subsequent jury trial on that issue resulted in a verdict for defendants, and judgment was entered September 21, 1973.

The Court of Appeals affirmed on June 2, 1975.

I

The appeal raises two questions which merit discussion. First, plaintiff questions the constitutionality of the Michigan foreclosure by advertisement statute, which provides in part:

"Every mortgage of real estate, containing therein a power of sale, upon default being made in any condition of such mortgage, may be foreclosed by advertisement, in the cases and in the manner hereinafter specified." MCLA 600.3201; MSA 27A.3201.

"To entitle any party to give a notice as hereinafter prescribed, and to make such foreclosure, it shall be requisite:

"(1) That some default in a condition of such mortgage shall have occurred, by which the power to sell became operative * * * ." MCLA 600.3204; MSA 27A.3204.

The essence of plaintiff's constitutional argument is that the foreclosure statute grants a mortgagee the power to terminate a mortgage relationship by use of procedures that are not in harmony with the requirements of the Fourteenth Amendment to the United States Constitution and article 1, § 17 of the Michigan Constitution. Specifically, she claims that the Michigan foreclosure by advertisement statute, as applied, violated the due process clauses of the two constitutions in that it requires neither a notice of hearing, nor a hearing to establish the debt.

Plaintiff's argument rests upon the United States District Court's decision in *Northrip v Federal National Mortgage Ass'n,* 372 F Supp 594 (ED Mich, 1974).

There the court acknowledged that a due process question is raised only where there is state action, the test for which is whether or not the state has significantly involved itself in the challenged conduct. The *Northrip* court held that state action was present because the "statute encourages mortgagees to seek foreclosure by advertisement, rather than by judicial process * * * ". 372 F Supp 597.

The district court also ruled that while a power of sale may be deemed to waive the right to a due process hearing before foreclosure by advertisement, there was no such waiver in the case before it. The plaintiff had not "voluntarily, intelligently

and knowingly" waived her due process rights because the power of sale did not include any terms of waiver, nor did it notify plaintiff of the procedure to be utilized in foreclosing upon her property.

The district court ultimately held that the statute, as applied, did not satisfy minimum due process requirements "because the process failed to provide an adequate opportunity to be heard before the taking of a significant property interest". 372 F Supp 599.

Plaintiff in her brief fails to note, however, that the lower court decision in *Northrip* was subsequently reversed. The Sixth Circuit Court of Appeals disavowed the state action analysis employed and the result reached by the district court. 527 F2d 23 (CA 6, 1975).

The Federal appellate court held that the existence of a statute which permitted a mortgagee to foreclose by advertisement rather than by judicial process did not constitute state action.

Since "the power of sale is an incident of the private right to contract. *Equitable Trust Co v Barlum Realty Co,* 294 Mich 167; 292 NW 691 (1940)", a mortgagee who exercises a foreclosure option is relying on a contract remedy, and not on a right created by the statute. 527 F2d 26–27. Therefore, the state cannot be said to be significantly involved, through "encouragement", in the challenged conduct, and a due process question is consequently not presented.

Our own Court of Appeals in *National Airport Corp v Wayne Bank,* 73 Mich App 572; 252 NW2d 519 (1977), has recently adopted the Sixth Circuit's full and definitive analysis of the Michigan foreclosure by advertisement statute. We do likewise.

Accordingly, we hold that the plaintiff's instant

claim of unconstitutionality under both the Michigan and Federal Constitutions fails for lack of the existence of state action.

## II

We next consider whether or not plaintiff's refusal to make timely escrow payments for taxes and insurance constituted a "default * * * in any condition of [the] mortgage", allowing foreclosure by advertisement pursuant to MCLA 600.3201; MSA 27A.3201.

The mortgage provides that:

"Mortgagor covenants and agrees:

\* \* \*

"2. In order more fully to protect the security of this mortgage, in addition to the monthly installments of principal and interest, to pay to mortgagee an installment of the taxes and assessments levied or to be levied against said premises that will next become due, [and] an installment of the premium or premiums that will next become due to renew the insurance on said premises * * * ."

Paragraph 8 of the mortgage further provides that in the event of default "in the performance of any of the covenants or conditions hereof", mortgagee may accelerate the full indebtedness and sell the property pursuant to the statute.

It is plaintiff's argument that the above provisions in the mortgage constitute a covenant, the remedy for breach of which is an action for damages or an injunction.

Defendants, on the other hand, contend that paragraphs 2 and 8, when read together, make monthly payments into escrow a condition, and

default thereon allows foreclosure by advertisement.

Commonly, a covenant is regarded as an assurance that something will be done in the future, while a condition is regarded as "a fact or event that affects legal relations; it is a cause of some change in those legal relations". 3A Corbin, Contracts, §§ 627, 633. The remedy for breach of a covenant is damages or an injunction, whereas the remedy for default on a condition subsequent is termination of the contract. *Capitol Land Co v Zorn,* 134 Ind App 431, 443; 184 NE2d 152, 158 (1962); 17A CJS, Contracts, §§ 339, 399.

The question whether a particular provision in a contract is a covenant or, alternatively, a condition, does not admit of an absolute answer. Rather, the resolution of the issue depends in large part on the contract, with the intent of the parties being the paramount consideration. *McIntosh v Groomes,* 227 Mich 215; 198 NW 954 (1924).

Recognizing the parties' prerogative to provide for their own contract, we said in *White v Burkhardt,* 338 Mich 235, 239; 60 NW2d 925 (1953):

"Foreclosure of mortgages by advertisement and sale has been in use in this State for about 100 years, and is well understood. Such statutory foreclosures should not be set aside without some good reason therefor. *Markoff v Tournier,* 229 Mich 571 [201 NW 888 (1925)], and *Detroit Trust Co v Agozzinio,* 280 Mich 402, 496 [273 NW 747 (1937)]. Statutory foreclosures are a matter of contract, authorized by the mortgagor, and ought not to be hampered by an unreasonably strict construction of the law. *Lee v Clary,* 38 Mich 223 [1878], and *Peterson v Jacobs,* 303 Mich 329, 335 [6 NW2d 533 (1942)]."

We are convinced that under the terms of the contract before us, plaintiff has defaulted on a

condition. By refusing to pay monies into escrow, plaintiff failed to perform a covenant the performance of which was a condition of the contract. 3A Corbin, *supra,* §§ 633, 635. Plaintiff agreed that Metropolitan would have the option of foreclosing pursuant to the statute if she did not perform her covenant. The remedy is concededly a harsh one, but "harshness or hardship alone will not defeat a foreclosure". *Schechtman v Grobbel,* 226 So 2d 1, 3 (Fla Dist Ct App, 1969).

Despite plaintiff's insistence to the contrary, this case does not involve a mere technical breach by the mortgagor as was present in *Schechtman, supra.* In that case the Florida District Court of Appeals refused to allow foreclosure where the mortgagor paid escrow monies to a bank rather than to the mortgagee, as required by the mortgage. The court emphasized that, even though the payment was made to the wrong institution, the escrow balance was at all times current and the security of the mortgage was never in jeopardy. Here plaintiff refused to make the payments.

We agree with the trial court and the Court of Appeals that the foreclosure was licit.

Affirmed. Costs to defendant.

WILLIAMS, LEVIN, COLEMAN, FITZGERALD, and RYAN, JJ., concurred with KAVANAGH, C. J.

BLAIR MOODY, JR., J., took no part in the decision of this case.