CRAMER v METROPOLITAN SAVINGS ASSOCIATION
(AMENDED OPINION)

Docket No. 53149. Submitted November 19, 1982, at Detroit.—Decided
May 17, 1983. Amended opinion filed August 6, 1984.

This case was reported in 125 Mich App 664 (1983). The Court of
Appeals on its own motion issued an amended opinion clarify-
ing when Virginia Cramer's action for legal malpractice ac-
crued against Allen Counard. The syllabus and the first 15
headnotes from 125 Mich App, still being applicable, are re-
peated here. The amended opinion is the same as the original
opinion with the exception that one paragraph dealing with the
accrual of the cause of action against Counard has been deleted
and two paragraphs inserted in its place. The sixteenth head-
note differs from the earlier one. The resolution of the issues
and the Court's earlier holding are unaffected.

Virginia Cramer filed a complaint against Metropolitan Sav-
ings Association and others in Wayne Circuit Court alleging
numerous causes of action including, *inter alia,* misconduct,
fraud or concealment and deception in wrongful foreclosure,
breach of covenant, abuse of process, libel, slander, and attor-

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur 2d, Judgments §§ 394-397, 401, 402.
[2-4, 6] 46 Am Jur 2d, Judgments § 473.
[5] 47 Am Jur 2d, Judgments §§ 712, 831.
[6] 46 Am Jur 2d, Judgments § 876.
[7] 61A Am Jur 2d, Pleading §§ 230, 231.
[8] 7 Am Jur 2d, Attorneys At Law § 4.
[9] 46 Am Jur 2d, Judgments § 776.
[10] 4 Am Jur 2d, Appeal and Error § 127.
[11] 5 Am Jur 2d, Appeal and Error § 700.
[12] 32B Am Jur 2d, Federal Practice and Procedure § 2471.
[13] 73 Am Jur 2d, Summary Judgment § 17.
[14] 5 Am Jur 2d, Appeal and Error § 853.
[15] 7 Am Jur 2d, Attorneys At Law §§ 219, 220.
    What statute of limitations governs damage action against attorney
    for malpractice. 2 ALR4th 284.
[16] 7 Am Jur 2d, Attorneys At Law § 221.
    When statute of limitations begins to run upon action against
    attorney for malpractice. 18 ALR3d 978.

ney malpractice. Defendants Metropolitan Savings Association, James I. McClintock, Roger C. Richards, and John C. Denyer were granted accelerated judgment with prejudice on the basis of res judicata, the court, John R. Kirwan, J., relying on the Supreme Court's judgment in *Cramer v Metropolitan Savings & Loan Ass'n*, 401 Mich 252; 258 NW2d 20 (1977). Summary judgment in favor of codefendants McClintock, Donovan, Carson & Roach, and James I. McClintock, Michael Doelle, and William P. Thorpe was granted with prejudice in the same order for failure to state a cause of action for legal malpractice because of lack of privity. Finally, the court granted an accelerated judgment of no cause of action in favor of Allen Counard on plaintiff's claim of attorney malpractice against him because the period of limitation for bringing the claim had expired. Plaintiff appealed, and the defendants and codefendants filed motions to affirm. The motions to affirm were denied. *Held:*

1. The trial court did not err in finding that res judicata barred plaintiff's action against defendants Metropolitan Savings Association, McClintock, Richards, and Denyer.

2. Lack of privity of contract was an erroneous basis on which to ground the order of summary judmgent in favor of codefendants McClintock, Donovan, Carson & Roach, and McClintock, Doelle, and Thorpe. However, the order could properly have been grounded on the absence of a duty of due care. Thus, the trial court reached the right result and summary judgment was properly granted in favor of these codefendants.

3. Plaintiff's contention that a default judgment against codefendant Counard should not have been set aside because his affidavit failed to aver facts showing a meritorious defense and good cause is rejected. Plaintiff's contention that Counard's statute of limitations defense is a technical defense and not a meritorious one is without meaning.

4. Plaintiff's contention that Counard's affidavit is deficient because it fails to show good cause is rejected. The court rules do not require that good cause be shown by affidavit. No abuse of discretion appears in the trial court's decision to accept Counard's explanation of why the default should be set aside.

5. Plaintiff's complaint that Counard's affidavit was not based on personal knowledge is rejected. The affidavit is sufficient since it was signed by Counard and appears to be based on personal knowledge.

6. There was no abuse of discretion in the trial court's decision to set aside the entry of default against Counard.

7. Plaintiff's contention that the Wayne Circuit Court lost

jurisdiction to grant a motion for accelerated judgment because a matter was pending in the Michigan Supreme Court and because plaintiff sought removal of the case to federal jurisdiction is without merit.

8. The trial court did not err in granting accelerated judgment to Counard based on the statute of limitation.

9. Plaintiff's claims of fraudulent concealment were not argued before the trial court. The Court of Appeals need not review these claims since review is not necessary to a proper determination of the case and no manifest injustice will result.

10. Plaintiff's claim that her acceptance of costs does not bar her appeal need not be considered. No party suggested that plaintiff's appeal should not be heard because she accepted an award of costs.

11. Defendants' and codefendants' request that $7,500 in costs be taxed against plaintiff for pursuing a vexatious appeal is denied. However, any further action in this case by plaintiff will result in imposition of such damages.

Affirmed.

1. JUDGMENTS — RES JUDICATA.

Narrow application of the doctrine of res judicata bars a second action only if the same question was actually litigated in the first proceeding; broad application of the doctrine bars also those claims which could have been brought in the first action but were not; Michigan applies the broad rule of res judicata.

2. JUDGMENTS — RES JUDICATA.

The doctrine of res judicata holds that an existing final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction is conclusive upon the rights of the parties or their privies.

3. JUDGMENTS — RES JUDICATA — FRAUD — MISREPRESENTATION.

A plaintiff is precluded from maintaining a cause of action on a new ground for relief where a judgment on the merits has been rendered in favor of the defendant except where the defendant's fraud or misrepresentation prevented the plaintiff from presenting the new ground for relief in the prior action.

4. JUDGMENTS — FRAUD.

Allegations of fraud will allow interference with a prior judgment only where the fraud alleged actually prevented the losing party from having an adversary trial on a significant issue.

5. JUDGMENTS — FRAUD — APPEAL — TIME LIMITATION — COURT
   RULES.

   There is a one-year period of limitation for seeking relief from a
   final judgment on the ground of fraud or misrepresentation
   (GCR 1963, 528.3).

6. JUDGMENTS — RELIEF FROM JUDGMENT — GENERAL ALLEGATIONS
   OF FRAUD.

   General allegations of fraud which tend to call for nothing more
   than relitigation of issues and testimony previously presented
   and passed on are not the sort of extraordinary circumstances
   needed to seek relief from a prior judgment.

7. JUDGMENTS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM —
   COURT RULES.

   A motion for summary judgment based on a failure to state a
   claim upon which relief can be granted tests the legal suffi-
   ciency of the claims and is determined by reference to the
   pleadings alone; the test is whether the claims are so clearly
   unenforceable as a matter of law that no factual development
   can possibly justify a right to recovery (GCR 1963, 117.2[1]).

8. ATTORNEY AND CLIENT — DUTY TO ADVERSE PARTY.

   An attorney owes no actionable duty to an adverse party.

9. JUDGMENTS — DEFAULT JUDGMENT — RELIEF FROM JUDGMENT —
   COURT RULES.

   A motion to set aside an entry of default shall be granted only if
   good cause is shown and an affidavit of facts showing a merito-
   rious defense is filed (GCR 1963, 520.4).

10. JUDGMENTS — DEFAULT JUDGMENT — RELIEF FROM JUDGMENT —
    APPEAL.

    A motion to set aside a default judgment is addressed to the trial
    court's discretion and will not be disturbed on appeal unless a
    clear abuse of discretion is shown.

11. APPEAL — ISSUES — SUPPORTING CITATIONS.

    A statement of position without supporting citations is insuffi-
    cient to bring an issue before the Court of Appeals; a party
    may not leave it to the Court to search for authority to sustain
    or reject its position.

12. ACTIONS — STATE COURTS — FEDERAL COURTS — RIGHT OF RE-
    MOVAL.

    Only defendants have the right to seek removal of an action from
    a state court to a federal court.

13. JUDGMENTS — ACCELERATED JUDGMENT — PLEADING — COURT RULES.

A motion for accelerated judgment must be filed in a defendant's first responsive pleading or not later than his first responsive pleading (GCR 1963, 116.1).

14. APPEAL — ACCELERATED JUDGMENT — PLEADING.

On review of a motion for accelerated judgment, as at the trial court level, the Court of Appeals must accept well-pleaded facts of the nonmoving party as true.

15. ATTORNEY AND CLIENT — MALPRACTICE — STATUTE OF LIMITATIONS.

The time period set forth in the statute of limitations within which an action for legal malpractice may be brought is two years (MCL 600.5805; MSA 27A.5805).

16. LIMITATION OF ACTIONS — MALPRACTICE — LICENSED PROFESSIONALS.

An action based on alleged malpractice by a state-licensed professional where the malpractice occurred prior to July 9, 1975, has to have been brought within two years of the last professional services or within two years of the time the asserted malpractice was discovered, or, in the exercise of reasonable diligence, should have been discovered (MCL 600.5838; MSA 27A.5838).

Virginia Cramer, *in propria persona.*

*Donovan, Hammond, Ziegelman, Roach & Sotiroff, P.C.* (by *William P. Thorpe),* for all defendants except Counard.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *John P. Jacobs),* for Allen Counard.

## AMENDED OPINION

Before: M. F. CAVANAGH, P.J., and R. B. BURNS and CYNAR, JJ.

R. B. BURNS, J. Defendants were granted accelerated judgment and codefendants were granted summary judgment on September 8, 1978. Code-

fendant Allen Counard was granted accelerated judgment against plaintiff's claims on July 25, 1980. Plaintiff appeals and we affirm.

On July 14, 1978, plaintiff filed a 291-paragraph complaint against defendants, codefendants, and codefendant Counard in eight counts alleging, in the words of the complaint:

1) complaint for misconduct, fraud, or concealment and deception in wrongful foreclosure;

2) complaint for breach of covenant—conditions in covenant;

3) complaint for libel and slander and slander of title;

5) complaint for invasion of mortgagor's right to terminate payment of escrow in mortgage covenant and agreement;

6) complaint for intentional infliction of humiliation and emotional distress and suffering in wrongful fore-closure;

7) complaint for attorney malpractice and fraud, concealment, or deception—Allen Counard;

8) complaint for attorney malpractice and fraud, concealment, or deception—McClintock, Donovan, Carson & Roach, and James I. McClintock, Michael Doelle, and William P. Thorpe.

By written order dated July 25, 1980, the Wayne County Circuit Court granted accelerated judgment of no cause of action in favor of codefendant Counard. At least by count 7, plaintiff alleged attorney malpractice against Counard. The trial judge found that the two-year period of limitation expired because Counard last served plaintiff professionally in 1972 and suit was not commenced until July, 1978.

On September 8, 1978, plaintiff's claims against Metropolitan Savings and McClintock, Richards, and Denyer were dismissed with prejudice by an

order of accelerated judgment. The same order granted summary judgment with prejudice to codefendants McClintock, Donovan, Carson & Roach, McClintock, Doelle, and Thorpe. The order stated that counts 1-6 of the complaint are predicated on the same facts and the same parties and thus are barred by res judicata. In addition, the order stated that count 8, alleging malpractice, fails to state a cause of action because there was no privity between plaintiff and the codefendants because codefendants never represented plaintiff.

The history and facts of the case may be found in *Cramer v Metropolitan Federal Savings & Loan Ass'n,* 34 Mich App 638; 192 NW2d 50 (1971), and *Cramer v Metropolitan Savings & Loan Ass'n,* 401 Mich 252; 258 NW2d 20 (1977), *reh den* 402 Mich 954 (1977), *cert den* 436 US 958; 98 S Ct 3072; 57 L Ed 2d 1123 (1978). The Supreme Court decision was the result of leave granted in the 1971 Court of Appeals decision along with two unpublished per curiam opinions of the Court of Appeals, No. 14149, decided May 29, 1973, and No. 18948, decided June 2, 1975. See order at 395 Mich 751 (1975). In the instant appeal the defendants and codefendants filed motions to affirm, which this Court denied on August 13, 1982.

In her present appeal plaintiff essentially raises six issues. She first claims that the trial court erred in finding res judicata barred her action against defendant-mortgagee as an action between the same parties in a prior suit. This issue challenges the trial court's order of accelerated judgment, which was expressly granted only to those parties named as defendants: Metropolitan Savings, McClintock, Richards, and Denyer. Summary judgment was granted to the codefendants. The trial judge granted accelerated judgment to defen-

dants on the grounds of res judicata but not to the codefendants because they were not parties to the prior action. However, summary judgment was granted to the codefendants on the grounds that plaintiff lacked privity to sue them for their alleged malpractice in defending the defendants in a prior action. Thus, the present analysis discusses the res judicata issue only as it relates to those parties called defendants, and not the codefendants.

A majority of the Supreme Court hold that Michigan applies the broad rule of res judicata. *Gose v Monroe Auto Equipment Co,* 409 Mich 147; 294 NW2d 165 (1980). See *Curry v Detroit,* 394 Mich 327; 231 NW2d 57 (1975). Narrow application of the doctrine bars a second action only if the same question was actually litigated in the first proceeding, but broad application bars also those claims which could have been brought in the first action but which were not. *Gose, supra,* p 160.

The gist of plaintiff's argument to prevent application of res judicata is that fraud was perpetrated on the trial courts in prior proceedings. The fraud is said to consist of the absence of any evidence to support an order of the Wayne County Circuit Court on September 27, 1968, which dissolved a temporary order restraining foreclosure on plaintiff's house, the absence of any proof that plaintiff defaulted in the terms of a mortgage given to defendant, a statement by this Court that "Mrs. Cramer's evidence was not heard", in *Cramer v Metropolitan Federal Savings & Loan Ass'n,* 34 Mich App 638; 192 NW2d 50 (1971), and various allegations of collusion between her retained attorney and attorneys for the opposition and of misrepresentations made to the trial courts.

The doctrine of res judicata holds that an exist-

ing final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction is conclusive upon the rights of the parties or their privies. *Skinner v Argentine Twp Bd,* 238 Mich 533; 213 NW 680 (1927). Where a judgment on the merits is rendered in favor of a defendant, the plaintiff is precluded from maintaining the same cause of action on a new ground for relief except where the defendant's fraud or misrepresentation prevented the plaintiff from presenting the new ground for relief in the prior action. *Prawdzik v Heidema Bros, Inc,* 352 Mich 102; 89 NW2d 523 (1958).

Before allegations of fraud will allow interference with a prior judgment, however, the fraud alleged must have actually prevented the losing party from having an adversary trial on a significant issue. *Fawcett v Atherton,* 298 Mich 362; 299 NW 108 (1941); *Rogoski v Muskegon,* 107 Mich App 730; 309 NW2d 718 (1981).

Plaintiff's allegations of fraud are insufficient to lower the bar of res judicata. Plaintiff apparently has forgotten the period from 1968 until the present. She refers only to the proceedings in 1968 which dissolved her temporary restraining order. These are the proceedings which she claims are irregular and prevented her from presenting evidence. Besides seeking money damages, plaintiff seeks in the present complaint to set aside the 1968 foreclosure. Plaintiff admits redeeming the property in 1969. Then, in 1969, when plaintiff sought damages for wrongful foreclosure and the trial court dismissed the complaint, this Court reversed in *Cramer v Metropolitan Federal Savings & Loan Ass'n,* 34 Mich App 638; 192 NW2d 50 (1971). According to the Michigan Supreme Court's history of the case in *Cramer v Metropolitan*

*Savings & Loan Ass'n,* 401 Mich 252; 258 NW2d 20, *reh den* 402 Mich 954 (1977), *cert den* 436 US 958; 98 S Ct 3072; 57 L Ed 2d 1123 (1978), plaintiff then filed an amended complaint alleging breach of contract, abuse of process, libel, breach of fiduciary duty, invasion of privacy, and intentional infliction of emotional distress. In an unpublished per curiam opinion (Docket No. 14149, decided May 29, 1973), the Court of Appeals affirmed a grant of summary judgment to defendants on all counts except the one alleging breach of fiduciary duty, which was remanded for trial. A jury found for defendants. The Supreme Court's opinion in *Cramer* ruled the foreclosure lawful and agreed with the Court of Appeals in affirming the trial court.

Whatever fraud plaintiff alleges has not prevented her from having a trial on the merits. A jury trial was held, from which two appeals were taken, and it was affirmed by the Supreme Court.

In addition, GCR 1963, 528.3 appears to set up a one-year period of limitation for seeking relief from a judgment, to the extent that is what plaintiff seeks. "If the application for relief is not supported by competent evidence of specific facts, general allegations of fraud will be of no avail." 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 185. General allegations of fraud which tend to call for nothing more than relitigation of issues and testimony previously presented and passed on are not the sort of extraordinary circumstances needed to seek relief from a prior judgment.

Because there are insufficient allegations of fraud to prevent application of res judicata, the doctrine applies and the trial court's grant of accelerated judgment to defendants Metropolitan

Savings, McClintock, Richards, and Denyer was correct.

Plaintiff next claims that the trial court erred when it granted summary judgment to codefendants on the ground that plaintiff has no cause of action against her adversary's attorneys.

Summary judgment was granted to those parties described as codefendants, except Counard, on the grounds that plaintiff lacked privity to sue them for malpractice in their prior representation of defendants.

The particular court rule underlying the order of summary judgment is not disclosed by the record or pleadings. The motion must have been grounded on failure to state a claim upon which relief can be granted, GCR 1963, 117.2(1), however, because codefendants interposed a complete defense to the claims of plaintiff. Such a motion tests the legal sufficiency of the claim and is determined by reference to the pleadings alone. The test is whether the claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. *Pontious v E W Bliss Co*, 102 Mich App 718; 302 NW2d 293, *lv den* 411 Mich 1062 (1981).

To the extent count 8 of plaintiff's complaint states a claim of negligence, summary judgment was proper on the grounds that an attorney owes no actionable duty to an adverse party. *Friedman v Dozorc*, 412 Mich 1; 312 NW2d 585 (1981). *Friedman* expressly foreclosed such suits. Although the Supreme Court noted that its decision was not based on privity of contract, *Friedman*, p 28, the Court said that *Williams v Polgar*, 391 Mich 6; 215 NW2d 149 (1974), subjected an abstracter of title to liability in negligence to foreseeable third parties who rely on the abstracts, despite the absence

of privity of contract. But in the case of an adversary, said the *Friedman* Court, there can be no reliance because of the adversarial relationship.

Thus, while privity of contract was an erroneous basis on which to ground the order of summary judgment under *Friedman,* the order could properly have been grounded on the absence of a duty of due care under *Friedman.*

Moreover, plaintiff's count 8 falls short of pleading fraud. She does not allege false representations made to her which induced her to act on the supposedly false statements. Rather, she claims to have been astutely ahead of these codefendants.

Thus, we conclude that the trial judge properly granted summary judgment to codefendants. Although the stated ground of privity is not correct, the trial judge reached the right result because under *Friedman* one may not sue his adversary's attorney for negligence. In addition, the complaint fails to properly plead facts showing fraud.

Plaintiff next contends that a default judgment against codefendant Counard should not have been set aside because his affidavit failed to aver facts showing a meritorious defense and good cause.

A motion to set aside an entry of default shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed. GCR 1963, 520.4. A trial juge's decision on both points is reviewed for abuse of discretion. *Butler v Cann,* 62 Mich App 663; 233 NW2d 827 (1975). The affidavit performs the function of informing the trial judge whether the defaulted defendant has a meritorious defense. *Hartman v Roberts-Walby Enterprises, Inc,* 17 Mich App 724; 170 NW2d 292 (1969), *lv den* 383 Mich 774 (1970).

Plaintiff complains that the affidavit submitted by codefendant Counard fails to aver a meritorious

defense because a statute of limitations defense is a technical defense and not a meritorious defense. Although research disclosed no cases holding that a defense based on the expiration of the period of limitation is a meritorious defense, it doubtlessly is. Plaintiff's distinction is without meaning since the statute of limitations is the sort of defense contemplated by GCR 1963, 520.4.

Plaintiff next complains that the affidavit is deficient because Counard fails to show good cause. The rule does not suggest, however, that good cause must be shown by affidavit. Only a meritorious defense must be set out by affidavit. At the hearing in circuit court, counsel for Counard said that when Counard was served with the suit, the papers were forwarded to an underwriter who then sent them to Counard's present insurer, who then sent them to Counard's 1972 insurance company. Counsel said his office received the papers on August 9. It was within the trial judge's discretion to accept this excuse as a good cause, and an abuse of discretion does not appear.

Plaintiff also complains that the affidavit was not based on counsel's personal knowledge. Here it is not clear whether plaintiff believes the affidavit must be signed by counsel. However, plaintiff's own reproduction of the affidavit in her brief on appeal shows that the affidavit was signed by codefendant Counard. Since it was signed by Counard and appears to be based on personal knowledge, the affidavit is sufficient. *Asmus v Barrett,* 30 Mich App 570; 186 NW2d 819 (1971).

Plaintiff also contends that counsel for Counard falsely represented to the circuit court that he filed an answer on August 11 when it was actually filed August 15. Plaintiff correctly points out that a computer-printed schedule of docket entries

shows the answer was filed on August 15. However, the answer bears a filing stamp of August 11.

Plaintiff also contends that defendant's answer does not constitute a pleading or defense within the meaning of GCR 1963, 520.1, which provides for entry of default. An answer, however, is a pleading or defense contemplated by the rule. See GCR 1963, 110.1.

A trial judge's decision setting aside an entry of default is reviewed for abuse of discretion. *Glasner v Griffin,* 102 Mich App 445; 301 NW2d 889 (1980); *Butler, supra.* A review of the pleadings and transcripts does not reveal an abuse of discretion in setting aside the entry of default.

Plaintiff next claims that the Wayne County Circuit Court lost jurisdiction to grant a motion for accelerated judgment because a matter was pending in the Michigan Supreme Court and because plaintiff sought removal to federal jurisdiction.

We note initially that we may decline to consider this question because plaintiff has failed to cite any authority for it. A party may not leave it to the Court to search for authority to sustain or reject a position. *Kucken v Hygrade Food Products Corp,* 51 Mich App 471; 215 NW2d 772 (1974). Addressing this issue nevertheless, it is clear that plaintiff's contention is meritless. The right of removal is confined to defendants. *Conner v Salzinger,* 457 F2d 1241 (CA 3, 1972).

Because plaintiff is not a defendant in the present action, her claim is without merit because plaintiff was without power to remove the case to the federal court.

The next issue raised by plaintiff is whether the trial court erred in granting accelerated judgment

to codefendant Counard based upon the statute of limitations because of alleged procedural irregularities and because certain issues of fact were allegedly unresolved.

Counard first answered plaintiff's complaint on August 11, 1978, setting up the statute of limitations as an affirmative defense. By order of Wayne County Circuit Judge Roman S. Gribbs, plaintiff was allowed to amend her complaint to change the designation of Counard from third-party defendant to codefendant. The amended complaint was filed September 14, 1978. Counard again answered September 18, 1978, and again asserted the statute of limitations as an affirmative defense. Next appears a motion by Counard for accelerated and/or summary judgment on the grounds of the statute of limitations. There is no filing date on the motion but the affidavit shows a notarization date of September 18, 1978.

A hearing on Counard's motion was held October 12, 1978. Wayne County Circuit Court Judge John R. Kirwan denied Counard's motion by written opinion on October 24, 1978, noting that plaintiff had filed an appeal in the Michigan Court of Appeals which complained of Judge Gribbs' earlier decision setting aside the entry of default. Judge Kirwan wrote of his concern over granting a motion for accelerated judgment if the Court of Appeals overturned Judge Gribbs' decision to set aside the entry of default. Thus, Judge Kirwan denied Counard's motion without prejudice.

The Court of Appeals entered an order on October 13, 1978, which bears a county filing date of October 19, 1978, dismissing plaintiff's appeal.

On October 30, 1978, Counard moved for rehearing of his motion because the Court of Apepals had dismissed plaintiff's appeal. An entry in the record

notes that Counard's motion was adjourned on November 22, 1978.

Finally, the record shows an order from Judge Kirwan on March 18, 1980, granting Counard's motion for accelerated judgment on the grounds that the two-year period of limitation on plaintiff's claim had expired.

Plaintiff complains of several procedural irregularities. Plaintiff correctly notes that GCR 1963, 116.2 allows a party only one motion for accelerated judgment. She notes that many motions were filed.

It appears that plaintiff has in part counted the motions of defendants and codefendants along with that of codefendant Counard. In addition, she may be counting the adjournments and Judge Kirwan's denial without prejudice. In any event, the record discloses only one motion for accelerated and/or summary judgment filed by codefendant Counard. Thus, there is no error on this ground.

Plaintiff next complains that the motion was not filed in a timely manner. A motion for accelerated judgment must be filed in defendant's first responsive pleading or not later than his first responsive pleading. GCR 1963, 116.1. There is no error here, though, because codefendant Counard raised the affirmative defense in his first and second answer and filed the motion for accelerated and/or summary judgment apparently at the same time as his second answer. Thus, the defense was preserved with the first answer. GCR 1963, 116.3; *Harris v Lapeer Public School System,* 114 Mich App 107; 318 NW2d 621 (1982); *Farmers Ins Group v Clear,* 94 Mich App 655; 290 NW2d 51 (1980).

Substantively, plaintiff contends that there were unresolved issues of fact which prevented entry of accelerated judgment by reason of the statute of

limitations. By count 7 of her complaint, plaintiff charges malpractice, fraud, concealment, and deception. Plaintiff says she employed Counard from about April or May, 1970, until about March, April, or June, 1972. She claims Counard negligently failed to investigate facts and law and violated several disciplinary rules of the Canons of Professional Responsibility. Plaintiff claims her cause of action against Counard accrues by reason of the Michigan Supreme Court decision of October 6, 1977, reported at 401 Mich 252; 258 NW2d 20 (1977). The fraudulent conduct alleged is that Counard told plaintiff he had removed the adjudication of default. Counard's misconduct is alleged to be a continuing affirmative act of fraud. Plaintiff also alleges she did not discover until after the Supreme Court's decision that nothing was sought to set aside the foreclosure and to allow plaintiff to be heard on the wrongful foreclosure and invalid sheriff's sale.

On review of a motion for accelerated judgment, as at the trial court level, the Court of Appeals must accept well-pleaded facts of the nonmoving party as true. *Robards v Estate of Leopold J Kantzler,* 98 Mich App 414; 296 NW2d 265 (1980).

In support of his contention that the period of limitation had expired, Counard relies on MCL 600.5805, 600.5838; MSA 27A.5805, 27A.5838.

The period of limitation for legal malpractice is two years. MCL 600.5805; MSA 27A.5805; *Sam v Balardo,* 411 Mich 405; 308 NW2d 142 (1981). Similarly, the period of limitation for negligence is three years under MCL 600.5805; MSA 27A.5805, subparagraph (7) when plaintiff's complaint was filed, now subparagraph (8).

Thus, these periods of limitation could well have expired because plaintiff admits that codefendant

Counard last served as her lawyer in June, 1972, at the latest. But plaintiff argues that she did not discover her attorney's malpractice until the Supreme Court issued its opinion in *Cramer v Metropolitan Savings & Loan Ass'n,* 401 Mich 252, on October 6, 1977.

The critical question concerns when plaintiff's claim accrued. Our inquiry is governed by the statute and case law in effect at the time the asserted malpractice occurred. *Boyer v Vandenbrink,* 98 Mich App 772, 774-775; 293 NW2d 687 (1980), *lv den* 410 Mich 888 (1981). The former MCL 600.5838; MSA 27A.5838 was then controlling, and provided:

> "A claim based on the malpractice of a person who is, or holds himself out to be, a member of a state licensed profession accrues at the time that person discontinues treating or otherwise serving the plaintiff in a professional or pseudo-professional capacity as to the matters out of which the claim for malpractice arose."

In *Dyke v Richard,* 390 Mich 739; 213 NW2d 185 (1973), the Supreme Court interpreted the above statute to mean that an action based on malpractice by a state-licensed professional must be brought within two years of last treatment or within two years of the time the asserted malpractice is discovered or, in the exercise of reasonable diligence, should have been discovered. *Boyer, supra.*

If plaintiff did not discover defendant Counard's malpractice until the Supreme Court issued its opinion in *Cramer v Metropolitan Savings & Loan Ass'n, supra,* on October 6, 1977, her action would have been timely. However, it would defy logic to credit plaintiff's assertion concerning discovery. Part of plaintiff's claim against defendant Counard

was based on negligence; specifically, plaintiff charges that, after the Court of Appeals remanded her cause for further proceedings, Counard did not pursue the appropriate remedy, *i.e.,* setting aside the foreclosure. However, plaintiff showed her dissatisfaction with her attorney's performance by firing him during the first half of 1972. We treat this part of her claim as having accrued then. Plaintiff's malpractice claim also sounded in deceit. According to plaintiff, Counard "had inferred" to her that the default had been removed and stricken. Plaintiff claims that the editor's syllabus in the Supreme Court's opinion informed her for the first time that this had not in fact happened. We find it difficult to believe that more than five years could pass without plaintiff's realizing that her mortgage default had not been corrected. At any rate, we find that plaintiff should have discovered the facts underlying this malpractice claim no later than the 1975 release date of this Court's per curiam opinion affirmed by the Supreme Court on October 6, 1977. Using this accrual date, plaintiff's claim is untimely.

We conclude that plaintiff's claim for malpractice against Counard is barred by the applicable statute of limitations, *Sam v Balardo, supra.* Accelerated judgment was thus properly granted on this ground.

Furthermore, plaintiff did not appear at the circuit court hearing where Counard's motion for accelerated judgment was granted. The trial judge stated on the record that plaintiff had written two letters to the court saying she would not appear. Thus, plaintiff's claims for fraudulent concealment were not argued before the trial judge. Because this defense was not presented to the trial judge, this Court need not consider it unless it is neces-

sary to a proper determination of the case or a manifest injustice would result. *Szidik v Podsiadlo,* 109 Mich App 446; 311 NW2d 386 (1981); *Brown v Considine,* 108 Mich App 504; 310 NW2d 441 (1981). Review of the proceedings suggests no special circumstances relieving plaintiff of her burden to raise all applicable issues in circuit court. Plaintiff is an experienced litigant and she was afforded an adequate opportunity to contest Counard's motion, but chose not to do so.

Plaintiff claims that her acceptance of costs does not bar her appeal. However, it is unnecessary to consider this question as no party in this Court has suggested that plaintiff's appeal should not be heard because she accepted an award of costs upon the setting aside of the default against codefendant Counard.

Finally, we note that defendants and codefendants request that $7,500 in costs be taxed against plaintiff for pursluing a vexatious appeal. GCR 1963, 816.5. Although we deny this prayer for relief in this instant appeal, any further action in this case by plaintiff will result in imposition of such damages by this Court upon its own motion pursluant to GCR 1963, 816.5(1).

Affirmed.